WHITE vs. M'QUILLAN.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT FOR THE
PARISH OF CARROLL, THE JUDGE OF THE SECOND PRESIDING.

Prescription is interrupted when the possessor is cited on account of the
property or the possession; and the same rule applies to the prescription
*liberandi causâ.* It is interrupted although the tribunal be without juris-
diction.

The citation of a debtor, by service of the citation together with a copy of
the petition, although it may appear that the copy was not duly certified
by the clerk, is a sufficient judicial demand to interrupt prescription.

Interest arising *ex morâ* is in the nature of damages for the non-perform-
ance of a contract to pay money, and is presumed to have been in the
contemplation of the parties at the time of contracting; it must, there-
fore, be governed by the law in force at that time, which cannot be
varied by any subsequent change in the law.

So, where a law was passed allowing interest at eight per cent. on
promissory notes : *Held,* that it did not apply to notes *executed* before its
passage, although not paid, and some of them not due, at the time of its
passage.

This is an action to recover five thousand nine hundred
and forty-four dollars and twenty-nine cents, due by the
defendant, on four promissory notes of one thousand six hun-
dred and thirteen dollars and twenty-six cents each, executed
*in the state of Mississippi,* the 12th September, 1818, together
with eight per cent. per annum, interest, from June, 1823,
until paid. The notes were annexed to the petition.

The plaintiff alleges, that when the defendant executed
said notes, he mortgaged some land and four slaves, to secure
payment, and has since removed with said slaves to this
state. He prays judgment, and that the mortgaged slaves
be seized and sold to satisfy his demand.

The defendant admitted his signature to the notes sued
on, but averred they were prescribed by lapse of time, which
he pleaded as a peremptory exception.

There was first a judgment on these pleadings and issues,
for the defendant, and a new trial was granted.

The plaintiff amended his petition, by alleging, that on the — day of July, 1829, and at divers other times, before and since, the defendant acknowledged the debt on which this suit is instituted, and thereby interrupted prescription, or prevented its being acquired ; and by his said acknowledgments, both verbally and in writing, has renounced prescription.

To this amended petition, the defendant pleaded the general issue, and prays that the plaintiff be held to strict proof thereof.

The testimony showed, that an agent of plaintiff called on defendant in 1830, and presented the notes sued on, to which he replied, he must *settle personally with the plaintiff, in New-Orleans ;* that after judgment had been given for defendant, and before a new trial was granted, he told plaintiff's attorney, that he was then clear of the debt, but he (plaintiff) should not be the sufferer by it, as he would do his duty as a gentleman.

It appeared also, in evidence, that several negroes were mortgaged to secure the payment of these notes, and as late as 1830, an agent of plaintiff again demanded payment, and presented written proposals in relation to the mortgaged property. Defendant did not deny he owed the debt, but *said he must settle himself personally with plaintiff.*

Suit was instituted, and citation and petition served on the defendant in 1832. The defendant excepted to this service, that the copy of the petition was not certified by the clerk. In 1834, another service was made of a properly certified copy, but the defendant pleaded that the prescription of five years had run before this last service was made. The district judge was of opinion, there was a sufficient acknowledgment to take the debt due by said notes, out of prescription, and gave judgment for the plaintiff. The defendant appealed.

*M'Guire,* for the plaintiff, contended, that there was no error in the judgment; that the objection to the want of proper service of the petition can have no effect. The cita-

tion was well served, and this is sufficient to interrupt prescription. The debt was acknowledged by the defendant in a letter to the plaintiff, dated in July, 1829, in which he tacitly admits the notes were not paid, but that he must see and *settle with him personally.* Prescription was interrupted by this acknowledgment. *Louisiana Code, article* 3486, 3517. 3 *Louisiana Reports,* 263. 2 *Starkie,* 892, and *note ;* 893 and *note.*

2. If the acknowledgment be general, still it is binding, unless the defendant show some other existing debt. 2 *Starkie,* 895, and 896, and *note A.* 13 *Johnson,* 510.

3. An acknowledgment of the debt, or some debt, is sufficient, as if he says he will pay if the creditor proves his demand ; or if he promises to account, although he should add, that he owes nothing. 2 *Peters' Condensed Reports,* 461, and *note.*

4. The notes were made in Mississippi, and must be governed by the laws of that state. The law in force there when the notes became due, gave eight per cent. interest per annum ; and although this law has since been passed, the notes should draw interest, because it was the fault of the party that they were not paid at maturity, so as to avoid interest.

*Downs,* for the defendant, showed, that the judgment was for too much, and on that account alone, must be reversed. No interest should have been allowed. Both parties resided in Louisiana after the summer of 1822, when the notes became due. 8 *Martin, N. S.,* 27. 2 *Kent,* 462. See *Revised Code of Mississippi,* 461. *Storey's Conflict of Laws,* 241, 2 & 6.

2. The plea of prescription is good, and ought to prevail. According to the mode of computing prescription, under the *old and new codes,* a recovery on the notes, which fell due in 1820, 1, 2, and 3, was barred at the time the letter of July, 1829, was written. 11 *Louisiana Reports,* 144, 256 and 560.

3. But five years had elapsed from the date of the supposed acknowledgment, in July, 1829, before there was a valid

service of the petition and citation, which was not made until November, 1834. In the first service, in October, 1832, the copy of the petition was not certified by the clerk, and was without the seal of the court; this was not sufficient to interrupt prescription.

WESTERN DIST.
Oct. 1838.

WHITE
vs.
M'QUILLAN.

4. There was no acknowledgment in this case to take it out of the prescription, which had run. There must be a specific and subsisting debt acknowledged, to interrupt prescription. 10 *Louisiana Reports*, 204, 568.

*Bullard, J.*, delivered the opinion of the court.

The plaintiff sues upon sundry promissory notes, secured by mortgage on a number of slaves. The defence mainly relied on was prescription. There was judgment for the plaintiff, and the defendant appealed.

The notes bear date in 1818; were made in the state of Mississippi, and payable there, on the 13th June of the four following years, 1820, 1821, 1822, and 1823. Much more than five years had, therefore, elapsed from their maturity, before suit was brought. But the plaintiff contends that the repeated recognitions of the debt by the defendant, and his promises to pay, particularly by his letters in the summer of 1829, less than five years before the inception of this suit, precludes the defendant from availing himself of the plea. Taking the whole correspondence together, between the parties, we do not doubt that the defendant acknowledged the debt, or right of the plaintiff, and substantially promised to pay. It is true, in his letters he speaks of settling with the plaintiff, but we know of no other way of settling a note than paying it. But it is contended by the defendant, that the date of his last letter was more than five years before service of citation in this case, in 1834; that a previous imperfect service of citation, in 1832, did not interrupt the prescription. It appears from the record, that the petition was filed in 1832, and the sheriff returned, that he had served on the defendant in person, the citation, together with a copy of the petition. Some days after, he appears to have added to his return a memorandum that the copy of petition

*Prescription is interrupted when the possessor is cited on account of the property or the possession; and the same rule applies to the prescription liberandi causâ. It is interrupted although the tribunal be without jurisdiction.*

WESTERN DIST.
Oct. 1838.

WHITE
vs.
M'QUILLAN.

The citation of a debtor by service of the citation, together with a copy of the petition, although it may appear that the copy was not duly certified by the clerk, is a sufficient judicial demand to interrupt prescription.

Interest arising *ex morâ* is in the nature of damages for the non-performance of a contract to pay money, and is presumed to have been in the contemplation of the parties at the time of contracting; it must therefore be governed by the law in force at that time, which cannot be varied by any subsequent change in the law.

So, where a law was passed allowing interest at 8 per cent. on promissory notes: *Held*, that it did not apply to notes *executed before its passage*, although not paid, and some of them not due at the time of its passage.

was not certified by the clerk under seal. It does not appear that the amendment was permitted by the court. No proceedings took place until two years afterwards, when a new service was made. It appears to us the court did not err in overruling the exception. The code declares, that prescription is interrupted when the possessor has been cited to appear before a court of justice on account of the property or possession; *article* 3434. The same rule applies to the prescription *liberandi causâ.* It is interrupted, although the tribunal be without jurisdiction. The subsequent article speaks of citation to the debtor. We are of opinion that the service of the citation, together with a copy of the petition, although it may not appear that *the copy was duly certified by the* clerk, is a sufficient judicial demand to interrupt prescription.

But it is urged by the counsel for the appellant, that the court erred in allowing interest at eight per cent., from the maturity of the notes, according to the statute of Mississippi, which was not in force when the notes were made, nor when the two first fell due.

We are not informed what was the law of that state on the subject at the date of the notes, but interest arising *ex morâ* is in the nature of damages for the non-performance of a contract to pay money, and is presumed to have been in the contemplation of the parties at the time of contracting. Damages upon protested bills of exchange, against drawers and endorsers, although not expressed on the bills, must be governed by the law in force at the time the bills are *drawn*, and could not be varied by any subsequent changes in the law. We cannot distinguish between such a case and the one now before the court. At the maturity of the notes, the holder was entitled to his action. That *action* must be conducted according to the law then in force. But the amount which he might be entitled to recover depends upon the contract, and the law in reference to which it was entered into. It does not form a part of the remedy, and, in our opinion, the rate of interest arising *ex morâ* depends on the law existing at the time of the contract.

The original amount of the debt was six thousand four

hundred and fifty-three dollars and five cents, of which there appears to have been paid two thousand three hundred and ten dollars, leaving a balance of four thousand one hundred and forty-three dollars and five cents, which the plaintiff is entitled to recover with interest after judicial demand.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; and proceeding to render such judgment as ought, in our opinion, to have been given below, it is further ordered and adjudged, that the plaintiff recover of the defendant four thousand one hundred and forty-three dollars and five cents, with interest, at five per cent., from the 13th November, 1832, until paid, with costs, in the District Court; and it is further ordered, that the mortgaged slaves be seized and sold, to satisfy this judgment, and that the plaintiff pay the costs of this appeal.