LEWIS CAMPBELL *v.* CHARLES BRIGGS and others.

*The discovery, since the final decision of the appellate court, of new evidence tending to establish allegations in the original petition, is no ground for enjoining the execution of the judgment. The matter is* res judicata.

THE plaintiff is appellant from a judgment of the District Court of Concordia, *Curry,* J.

*Garrett,* for the appellant.

*Stacy,* for the defendants.

BULLARD, J.   This is an injunction to restrain the execution of a judgment, rendered by this court at the last October term.   See 19 La. 524.

A reference to the report of the case will show the questions at issue between the parties, and the grounds of our decision. Among other things, it will appear, that a mutilated record, from a court in the State of Mississippi, in which the judgment against the present plaintiff was originally recovered, which had been admitted by the court of the first instance, was considered inadmissible by this.   The plea of the defendant in that case and plaintiff in this, was, therefore, overruled.

The present injunction was obtained on the allegations : *First,* That the claims upon which the suit of Briggs, Lacoste & Co. was founded, is, and was at the institution of that suit morally, justly, and legally paid, by a legal and proper levy upon unincumbered property of greater value than the amount claimed.   *Secondly,* Because the evidence of such fact was not within the knowledge of the petitioner, at the time of the trial in Concordia, but has since been returned into court in the county of Madison, and there exists full, complete, and conclusive at this time.   The plaintiff prays that the injunction may be made perpetual; that the defendants may be restrained from ever enforcing the judgment enjoined; and for damages.

To this petition the defendants, Briggs, Lacoste & Co., answered, that all the matters and things set forth therein were pleaded

as matters of defence in their suit against the plaintiff, in which suit judgment was rendered in their favor by the Supreme Court; and they set up that judgment as *res judicata* between the parties. They further allege that, if there be any matters of defence contained in the petition which were not pleaded in the answer to the original suit, they ought to have been pleaded, and must now be considered as waived.

We are of opinion the court did not err in sustaining this plea, or exception. All the grounds for perpetually enjoining the defendants from enforcing the judgment pronounced by this court in their favor, were proper means of defence in the first suit, and were, or ought to have been pleaded, and the judgment cannot now be opened to let them in. It is true, the party swears, that he has at this time a full and complete record from the court in Mississippi, in lieu of the imperfect one which was rejected as inadmissible. But that only shows that new evidence has been discovered, tending to prove an allegation contained both in the answer to the first suit and in the petition in this case, to wit, that the judgment creditors had taken out an execution in Mississippi, and that property of the principal debtor had been seized sufficient to satisfy the judgment. It is not alleged that any thing has occurred, since the judgment was rendered, which releases the plaintiff from his obligation to pay it; and this is manifestly an attempt to open a judgment pronounced in the last resort, for the purpose of introducing new evidence in relation to matters set up in defence, upon which the court had already pronounced, which cannot be countenanced by this court.

*Judgment affirmed.*