ABRAHAM F. RIGHTOR *v.* JOHN SLIDELL.

Where, in an action against the maker of a note, in whose hands different creditors of plaintiff have seized all sums due by him to the latter, defendant denies that he is indebted to the plaintiff, he will not be exempted from the payment of interest, on the ground of his uncertainty as to whom he should pay. Having denied that he was at all indebted, he cannot allege that he was prevented from paying by any uncertainty as to whom he should pay.

Where different seizures have been made in the hands of defendant, of whatever sums may be due by him to plaintiff, on a judgment in favor of the latter, execution will be stayed until the seizures are proved to have been satisfied or abandoned. No law authorizes a judgment ordering the amount to be deposited in court, subject to the claims of the seizing creditors.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Larue*, for the plaintiff.

*T. Slidell*, for the appellant.

MORPHY, J.   The defendant is sued on a note of $3587 85⅓, drawn to the order of the plaintiff.   He admits his signature, but avers that the plaintiff cannot maintain this action, because the amount of the note in suit, and all sums by him owing to the plaintiff, have been seized in his hands by the creditors of the latter, under writs of *fieri facias* issued from the United States Circuit Court, and from several of the State courts.   He further pleads in compensation and reconvention, the amount of two notes of $2666 66⅔ each, on which he alleges that the plaintiff has become liable to him, as endorser, and prays for judgment for the balance in his favor.   To this demand in reconvention, the plaintiff, Abraham F. Rightor, answered, by denying defendant's right or title to the notes set up as an offset, and averring that if he has any title, he acquired it after the notes had been extinguished by compensation, in the hands of Charles F. Zimpel, to whom they formerly belonged, by three notes of the latter amounting to $10,771 56, on which he (plaintiff) obtained judgment against Zimpel on the 7th of April, 1840.   Plaintiff further averred that he was ignorant that his demand against the defendant was seized by virtue of any execution, but, if such were the case, that he was perfectly willing the defendant should pay the amount due in satisfaction of any just debts of his.   Judgment was rendered below, decreeing defendant to pay $3587 85⅓, with legal interest from the day of protest; but ordering the money, when made on execution, to be deposited in court, subject to the claims of the seizing creditors. The defendant appealed.

The pleas of compensation and reconvention have not been much insisted on in this court, nor could they be pressed with any success.   The evidence shows clearly that the two notes of $2666 66⅔ each, endorsed by the plaintiff, had been paid and extinguished by compensation, in the hands of Zimpel, long before they came into the possession of the defendant, who purchased them at a sheriff's sale as the property of Zimpel.   It is contended that the judge below erred, in allowing interest on the amount

Rightor v. Slidell.

of the note seized in defendant's hands by different creditors, as defendant could not take upon himself to decide upon the validity or priority of these seizers, and as it was the business of the plaintiff to have these questions decided contradictorily among his own creditors ; and we have been referred to the case of *Miles* v. *Oden et al.*, 8 Mart. N. S. 214, in which we held, that interest will not be allowed on a note given for the purchase of slaves, where there is a contest between two adverse parties about the proceeds, which places the maker in great uncertainty as to whom he has to pay, because the debtor, in such a case, cannot be considered *in mora.** This argument, and the authority adduced in support of it, would perhaps be entitled to some weight, had the defendant admitted his liability to the plaintiff, and been prevented from paying only by some such uncertainty ; but he has been contending throughout, that he is not indebted at all to the plaintiff. Until the defence set up by him in this suit was decided upon, no steps could be taken by the seizing creditors to compel him to pay, or to have their rights, under their seizures, adjusted. Had they made him a garnishee, and propounded interrogatories to him under the act of the 20th of March, 1839, he would not probably have acknowledged any indebtedness to the plaintiff, and no order of payment could have been obtained against him. B. & C.'s Dig. 458. Under such circumstances, the defendant must be considered *in mora,* and is bound to pay interest from the day of protest ; but the money has, we think, been improperly decreed to be paid into court. We know of no law which authorizes the judge, in a case like the present, to make any such order.

It is, therefore, ordered, that the judgment of the District Court be affirmed, except that part of it which orders the money, when made on execution, to be deposited in court ; and it is further ordered, that execution be stayed in this case until the plaintiff proves, to the satisfaction of the court below, that the several executions levied in defendants' hands have been satisfied or abandoned. The costs of this appeal to be borne by the plaintiff and appellee.

---

* The note sued on, did not bear interest on its face.

*T. Slidell* prayed for a re-hearing, as to so much of the judgment as condemns the defendant to pay interest. The sums claimed by the seizing creditors exceeded the amount of defendant's note, and the latter could not take upon himself the risk of deciding to whom payment should be made. How, then, can it be said that he was in default, and liable for interest, *ex mora*. Under such circumstances, interest is not due. See Sergeant on Attachment, 166. *Fitzgerald* v. *Caldwell*, 2 Dallas, 215. Interest, *ex mora*, is in the nature of damages for the non-performance of a contract to pay money. 12 La. 530.

As to the defendant's denial that he owed the debt, it is sufficient to say, that a party may plead various grounds of defence, if not inconsistent. In the case from Dallas, the defendant denied the debt; but having been garnisheed, was relieved from interest during the period of the garnishment.

*Re-hearing refused.*