### BARROW v. WRIGHT.

Where a party enjoins an order of seizure and sale, and the defendant in injunction converts his executory process into a proceeding *viâ ordinariâ*, and, in an amended answer, pleads the exception *rei judicatæ*, no service of the amended answer will be necessary.
The execution of a judgment cannot be enjoined on the grounds which have been pleaded in defence to the original action.

APPEAL from the District Court of Terrebonne, *Randall*, J. *Raby* and *C. A. Johnson*, for the appellant. *Beatty*, for the defendant. The judgment of the court was pronounced by

ROST, J. The debt, on which the order of seizure issued in this case was obtained, arose under a final judgment decreeing against the plaintiff the specific performance of an agreement entered into by public act between him and the defendant, in relation to the purchase and sale of certain property, part of which had been held in partnership between them. The validity of the agreement was put at issue by the pleadings, and the judgment rendered thereon was voluntarily executed by the plaintiff, *R. R. Barrow*, who gave the note sued on, and several others, in conformity therewith. The plaintiff has en-

<div style="float:right">Barrow
*v.*
Wright.</div>

joined the order of seizure on grounds anterior to the rendition of the judgment, which might have been set up as matters of defence. The defendant in injunction converted his summary proceeding into an ordinary suit, and, in an amended answer, pleaded the exception *rei judieatæ*, and prayed for a judgment on his claim. The court of the first instance sustained the exception, and rendered, in favor of the defendant in injunction, the judgment from which the plaintiff has appealed. A reversal of this judgment is asked on the ground that the amended answer of lhe defendant was not served on the plaintiff, and also because the plea *rei judicatæ* should not have been sustained.

The plaintiff in injunction brought the defendant in court. He was there himself, and no service of the amended answer was necessary. It has been so frequently held that a final judgment is conclusive as to all matters of defence which might have been set up in the suit, and that no cause anterior to the judgment, which might have been pleaded, can be the ground of an injunction, that we deem it only necessary to refer to some of the decisions. *Monroe* v. *Mc Millan*, 8 Mart. N. S. 513. *Garlick* v. *Reese*, 8 La. 104. *Campbell* v. *Briggs*, 3 Rob. 111. *Benton* v. *Roberts*, 3 Rob. 226. 1 Mart. N. S. 71. 2 La. 181.

*Judgment affirmed.*