## SUCCESSION OF MANN.

Where, after judgment on an opposition to an executor's account, the account is homologated and payment ordered to be made accordingly, the opponent cannot, by a rule taken on the executors to show cause why he should not pay over the balance ascertained by the judgment to be due him, and why, on failure to produce his bank book, he should not be condemned to pay the succession interest at twenty per cent a year on each of the sums belonging to the succession received by him from the dates of their receipt, recover interest at twenty per cent for any period anterior to the date of the judgement of homologation by which he is concluded.

Interest cannot be sued for distinctly from the principal. It makes no difference that the interest claimed be allowed as a measure of damages, as in case of interest at twenty per cent a year allowed to successions where the executors fails to deposit money in bank as required by law. Interest *ex mora* is, in all cases, the measure of damages.

APPEAL from the Second District Court of New Orleans, *Canon*, J. *Hoffman* and *Halsey*, for the appellant. *Roselius*, contrà. The judgment of the court was pronounced by

Rost, J. *Black*, who purchased the succession of *Arthur Mann* from the only heir, presented a petition to the District Court, praying that *Martin*, as executor of the last will of *Arthur Mann*, might be cited, and ordered to render an account of his administration of the succession. The petitioner also prayed for general relief. In conformity with the order of the court made on this petition *Martin* filed his account, to which *Black* made, at different times, three several oppositions, praying in each for some modifications of the account, and also for general relief. Upon the issue thus formed a judgment was rendered sustaining some of the oppositions, dismissing the others, homologating the account as amended, and ordering payment to be made accordingly. This judgment was rendered on the 18th July, 1848, and appears to have been satisfactory to both parties, as neither has appealed.

On the 6th October, 1848, *Black* took a rule on *Martin* to produce in court the bank-book, if any he had, which he had kept as executor, with any of the banks of this State, at New Orleans, allowing interest on deposits, and to show the condition of his account as executor as aforesaid; to show cause why he should not pay over to *Black*, the balance ascertained by the judgment; and why, in default of producing a bank-book, he should not be condemned to pay to the succession twenty per cent per annum interest, on each of the sums belonging to the succession, which he has received, from the respective dates of the receipts of said sums, under the act of 1837.

*Martin* excepted to the rule that, the whole matter relative to his responsibility as executor had been finally determined and settled by the judgment of the court on the oppositions filed to the account rendered by him; and pleaded said judgment in bar of *Black's* claim. The District Court sustained the exception for all claims of *Black* anterior to the date of the judgment; but adjudged the executor to pay ten per cent per annum on the balance of the account from that date. *Black* has appealed.

One of the first questions settled in the jurisprudence of Louisiana is, that interest cannot be sued for distinctly from the principal. *Faurie* v. *Pitot*, 2 Mart. 83. It is urged that the interest in this case is not given as interest, but as a measure of damages. We do not apprehend the distinction. Interest *ex mora* is in all cases a measure of damages; the rate of it, in particular cases, cannot affect the principal.

The plaintiff in the rule should have claimed the interest in his opposition to the account, and might have done so under his prayer for general relief. We are of opinion that, after the final judgment of homologation, the claim now made by him can only be sustained, from and after the date of the judgment. *McMicken* v. *Millaudon*, 2 La. 181. *Campbell* v. *Briggs*, 3 Rob. 111.

It is admitted that the amount of the judgment is not deposited in bank, and there is nothing in the record to show that it has been lawfully withdrawn. *Black* is, therefore, entitled to the interest he claims, from the date of the homologation, and, in this respect, the judgment must be amended.

It is, therefore, ordered, that the judgment in this case be amended, so as to allow interest at the rate of twenty per cent per annum, instead of ten per cent, on the sum of $1,639 17, from the 18th July, 1848, till paid. It is further ordered, that the judgment as amended be affirmed, with costs.