Mr. Justice Cox
delivered the opinion of the court.
In this case, which was decided by us a few days ago, a *387 question has been raised as to the judgment which shall be entered; that is to say, since we have held that the plaintiff is not entitled under the evidence to recover, shall we enter judgment finally for the defendant, or send the case back for a new trial ?
Upon examining the record in that case, we find that first there was a declaration, and then a plea, setting forth the facts which were the foundation of the court’s opinion here, reversing the judgment below. That is, it set forth the fact that before the bond sued'upon was given, another supersedeas bond had already been taken, and the judge had become functus officio, and had no power to take a new bond.
If that had been demurred to, our course would have been plain sailing. We should have seen on the record what would justify us in entering final judgment. But, unfortunately, the facts set forth in this plea were traversed by the defendant. The case went to trial, and under the instruction of the court the jury found a verdict for the complainant.
Now, we set aside the judgment below. We cannot render judgment for defendant, without setting aside the verdict. In order to do anything, we must set aside that verdict first, and then we find simply an issue of fact; and in order to render a judgment for the defendant, we must first decide the issue of fact in favor of the defendant. That it is not competent for an appellate court to do, and therefore we think we are entirely powerless to enter final judgment for the defendant.
Several cases have been cited to us in which it is supposed that the rule is different; for instance, the case of New Orleans Ins. Asso. vs. Piaggio, 16 Wall., 378. There the declaration claimed — ft was a suit on a policy of insurance — first for loss of the vessel, then for loss of the freight, and then, as a separate item, $5,000 damages for injury done to the credit of the complainant. The jury found not exactly a special verdict, but something very much like one, in which they allowed several items; so much for the vessel, so much for the freight, and $5,000 damages in addi *388 tion, and a judgment was entered in conformity with the verdict.
The court was satisfied that the judgment and verdict were wrong, as far as the amount allowed for damages was concerned. Mr. Justice Clifford said that this particular error appeared on the face of the record, because the writ of error brought up the verdict and judgment, in which it appeared that it was not necessary to issue a venire de novo in that case, but that, on the general authority given to the court to correct or modify the judgment below, the court could correct that judgment by striking out the $5,000 for damages, which they did. They did not set aside the verdict at all, but directed the court to enter judgment for the two items, exclusive of the $5,000 damages.
The same remark will apply in the case of Barnes vs. District of Columbia. (See 91 U. S., 540.) There this court had in the first instance ordered the case to be sent back for a new trial, but on reconsideration ordered a verdict for the defendant. But that was on an error on the face of the record. The question there was whether this District was liable for injuries received on the public highways, which were under control of the Board of Public Works; that is to say, officers’ not appointed by the District authorities. That question appeared in the very declaration, and the court had nothing to do but say, “ On the very face of the pleadings, the plaintiff is not entitled to recover, and we have to render judgment for the defendant.” So that these cases are not precedents for the form of relief suggested in the present case.
There is, however, a third case directly in point — that of Benham vs. Vernon, 5 Mackey, 18. There an action was brought for damages for false arrest against several parties, and the court was satisfied_, on the evidence shown in the bill of exceptions, that there was no case against some of them, but that there was a sufficient evidence to go to the jury in regard to others. And the court did direct a final judgment to be entered in favor of some of the defendants upon reversing the judgment below and *389 let the case go bach for a new trial as to the others. There was no question made by counsel as to the form of the judgment. If the counsel for the plaintiff had objected to this form of judgment and stated that a new case might be made upon a further trial, we should have hesitated about it. We did feel some hesitation as it was, but the matter was not discussed or considered. We are satisfied that it was erroneous practice, and we do not feel bound by that as a precedent.
Therefore, we can do nothing in this case but send it back for a new trial.