**MERRIGAN v. METROPOLITAN LIFE INS. CO.**

No. 565.

District Court, E. D. Louisiana, New Orleans Division.

Feb. 7, 1942.

John C. Hollingsworth, Robert Link, Jr., and David Gertler, all of New Orleans, La., for plaintiff.

210

Spencer, Phelps, Dunbar & Marks and W. B. Spencer, Jr., all of New Orleans, La., for defendant.

CAILLOUET, District Judge.

The plaintiff filed suit in the Civil District Court of the Parish of Orleans, as named beneficiary under a life insurance policy, claimed to have been issued by the defendant company on the life of her deceased husband, she alleging that said policy was in full force and effect on October 17th, 1939, when the insured came to his death, and that due proof of death and delivery of policy to the defendant's agent was promptly made, as evidenced by receipt in hand dated a few days after the death.

The petition alleged that, notwithstanding amicable demand, and retention of the policy by the defendant, said insurer has failed, neglected and refused to make payment, although there has been full compliance with all the policy conditions relating to either decedent, or plaintiff as beneficiary.

Judgment was prayed for "in the full sum of three thousand and 00/100 ($3,000.00) Dollars principal, together with 6 per cent per annum interest thereon from October 17th, 1939 until paid, and all costs of these proceedings."

Additionally, "all general and equitable relief" was prayed for.

The defendant company effected removal to this Court, its petition for removal addressed to the State Court alleging diversity of citizenship, and claiming the necessary jurisdictional amount as follows, to-wit: "That the value of the matter in controversy in said suit, exclusive of interest and costs, exceeds the sum of Three Thousand ($3,-000.00) Dollars, being an action for the full proceeds of the aforesaid policy of insurance in the sum of Three Thousand ($3,000.00) Dollars, with six (6%) per cent thereof per annum additional as provided by Act 17 of the Louisiana Legislature for 1920."

The state act so referred to, however reads as follows, viz: "All life insurance companies doing business in this State, whether foreign or domestic, are hereby required to pay all death claims within sixty days from date of receipt of due proof of death and should they fail to do so without just cause, then policy will bear *interest* at the rate of six per cent. (6%) per annum from date of receipt of due proof of death until paid." (Italics supplied.) Dart's La. Gen.Stat. § 4112, Act No. 17 of 1920, § 1.

The plaintiff moves to remand the case to the State Court, on the ground that "the amount in dispute and controversy, exclusive of interest and cost, is the sum or value of $3,000.00 and no more."

The matter in controversy does not exceed, exclusive of interest and costs, the sum or value of $3,000, 28 U.S.C.A. § 41, unless defendant's contention that the claimed 6% per annum interest on the $3,000 sued for as due to the beneficiary, under the life insurance policy at issue, is actually *not* interest but a constituent element of the principal demand.

But *interest,* no matter whether looked upon as the measure of the damages suffered by reason of the nonpayment of money when due, is still *interest* in its very nature, and interest cannot be included in "the matter in controversy", in seeking to establish this Court's jurisdiction. Brown v. Webster, 1895, 156 U.S. 328, 15 S.Ct. 377, 39 L.Ed. 440; Greene County v. Kortrecht, 5 Cir., 1927, 81 F. 241; Voorhees v. Aetna Life Insurance Company, D.C.D.N.J.1918, 250 F. 484, 489.

Interest is a matter of law and, when arising ex mora, is in the nature of damages for nonpayment of money due by contract. Art. 1935, La.Rev.Civ.Code. White v. McQuillan, 1838, 12 La. 530; Stiff v. Nugent, 1843, 5 Rob., La., 217; Curtis v. Innerarity, 1848, 6 How. 146, 154, 12 L.Ed. 380, 384; New Orleans Insurance Ass'n v. Piaggio, 1873, 16 Wall. 378, 387, 21 L.Ed. 358, 360.

Interest can not be sued for distinctly from the principal, for it is an accessory to the debt. Succession of Mann, 1849, 4 La. Ann. 28.

The "amount in controversy" is determined, for the purpose of ascertaining whether this Court has jurisdiction, by the ad damnum stated in the petition, which is, as has already been stated, no more than $3,000. It is true that the plaintiff seeks to recover 6% per annum interest on said principal sum from October 17, 1939, until paid, whilst the *usual* legal rate of interest, "unless otherwise stipulated", is 5% per annum, which is allowed on all debts from "the time they become due", Art. 1938, La.R.C.C., Art. 554, La.C.P.

The Louisiana Legislature, however, has "stipulated" by the enactment of Act No. 17

of 1920, that the *legal* rate of interest, and the time from which the same shall run, with reference to debts due under death claims, by life insurance companies doing business in Louisiana, when payment of such claims is not made, without just cause, within sixty (60) days from the receipt of due proof of death, shall be the *legal*, distinguished from conventional, rate (Art. 1936, La.R.C.C.) of 6% per annum, calculated from the date of receipt of said due proof of death, until paid.

It is argued on behalf of defendant that the Louisiana courts have frequently referred to said 6% interest as a "penalty" and in support thereof, there are cited six Louisiana Court of Appeal cases, five from Orleans Parish, which are reported, respectively, as Wilmer v. Most Worshipful St. John's Grand Lodge, 142 So. 858, at page 859; Harding v. Metropolitan Life Ins. Co., 188 So. 177, at page 185; Williams v. District Grand Lodge, 192 So. 895; Calvery v. Liberty Industrial Life Ins. Co., 195 So. 97, at page 99; Parretti v. Metropolitan Life Ins. Co., 196 So. 663, at page 666, and one from the Second Circuit, Taylor v. Unity Ind. Ins. Co., 147 So. 91, 93, and the case of Bates v. New York Life Insurance Company, D. C., 31 F.Supp. 813, 814, in this Court; but it is admitted, at the same time, that in none of said cases was there presented the issue that such "penalty" was denatured interest and, as a consequence of the change, *not* affected by the bar prohibitive against inclusion of "interest" as a constituent element of the "matter in controversy", in computing its sum or value for the purpose of determining the presence vel non of the required jurisdictional amount.

Furthermore, it may be noted, in passing, that the Supreme Court of Louisiana, in Franchebois v. New York Life Ins. Co., 1930, 171 La. 358, 131 So. 46 refers to the 6% interest of Act No. 17 of 1920 in no other manner than as *interest.*

Since the law implies an agreement to make good the loss arising from a failure to pay the principal sum of a money debt at the appointed time, by the payment of lawful interest, or, in other words, since interest serves as the measure of damages to be paid, the 6% *interest* so prescribed by Act 17 of 1920 may be fairly referred to as a statutory *penalty;* but *interest* it still remains, and it may not be added to the principal, to make up the required jurisdictional amount of $3,000 plus.

Interest is ever *interest;* because of its very nature *it is* a penalty, and referring to it as such, makes it none the less *interest.*

Attorney's fees are not ordinarily allowable or taxable as "costs" and are not included within the word "costs". 20 C.J.S., Costs, § 218, pp. 456, 457.

When the word is used in a judgment or decree without qualification, it means the amounts taxable as costs under Acts of Congress, rules promulgated by its authority, and practice established consistently with governing enactments. Kansas City Southern Railway Co. v. Guardian Trust Co., 1929, 281 U.S. 1, 50 S.Ct. 194, 74 L.Ed. 659.

Therefore, whilst attorney's fees (other than the statutory docket fee, etc., prescribed by 28 U.S.C.A. §§ 571, 572) are *not* "costs", interest *is* "interest"; and whilst the words "exclusive of interest and costs", in 28 U.S.C.A. § 41, do serve to prevent the inclusion of interest as a constituent element of the "matter in controversy", the same does not hold true as to attorney's fees, because such fees were not the statutory "costs" in the mind of the legislator when "interest" and "costs" were directed to be excluded from the computation of the sum or value of the "matter in controversy".

In the light of the foregoing, it is not difficult to yield ready assent to the reasoning of the Supreme Court in the case of Missouri State Life Insurance Company et al., v. Jones, 1933, 290 U.S. 199, 54 S.Ct. 133, 78 L.Ed. 267 (upon which defendant places great reliance as embodying a legal principle which, it is urged, is applicable to the *interest* in question here) to the effect that, under the circumstances of the case, attorney's fees could properly be aggregated with the principal sum of $3,000 sued for, in making up the requisite jurisdictional amount.

The official report of the case in question reflects a suit originally filed in a state court (which finally reached the U. S. Supreme Court), whereby it was sought to recover $3,000 under two insurance policies "together with a reasonable attorney's fee," which was authorized by state statute; and $250 was alleged to be a reasonable attorney's fee.

The Supreme Court held that the plaintiff had sought to enforce the liability imposed by statute for his benefit and that it was lawful to join and aggregate as con-

stituent elements of the "matter in controversy", the claim for the $3,000 insurance proceeds and that for a reasonable attorney's fees, and thereby make up the required jurisdictional amount; the attorney's fees were not mere "costs", excluded from the reckoning, said the Court, by the jurisdictional and removal statutes.

But interest *is* interest, as already noted, and interest and costs (but *not* attorney's fees) are excluded.

On the point that reasonable attorney's fees, because they are neither "costs" nor "interest", may be considered in determining the jurisdictional amount, see, also, Springstead et al. v. Crawfordsville State Bank, 1913, 231 U.S. 541, 34 S.Ct. 195, 58 L.Ed. 354.

For the foregoing reasons, the motion to remand the case to the State Court is granted, and let such remand ensue forthwith.