**Arthur J. RAJOTTE**

v.

**The HOME INDEMNITY COMPANY.**

**Civ. A. No. 3498.**

United States District Court
D. Rhode Island.

Sept. 22, 1966.

Edward I. Friedman, Providence, R. I., for plaintiff.

Bruce M. Selya, Providence, R. I., for defendant.

## OPINION

PETTINE, District Judge.

This case is presently before the court on a pending Motion to Dismiss

the plaintiff's complaint on the ground of insufficient jurisdictional amount as set forth by 28 U.S.C.A. Section 1332(a) as amended by Public Law 85–554.

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs."

The question before us arises not because of the good faith claim for damages of twenty-five thousand dollars ($25,000) but because the automobile liability insurance policy was written and issued in the limits of ten thousand dollars ($10,000) bodily injury liability to each person and five thousand dollars ($5,000) property damage liability each occurrence.

The plaintiff, on oral argument before this court, claimed that there was a possibility that he could collect a verdict for property damage under the twenty-first paragraph of his complaint:

"That further, as a direct and proximate result of said collision, the plaintiff has been otherwise greatly injured and damaged."

For this reason, he concluded that this alleged claim for property damage would bring him over the jurisdictional amount. However, the court feels constrained to agree with the defendant's contention that plaintiff has not set forth nor alleged any claim for property damage as such. Therefore, since property damage must be specifically alleged, and wasn't, the requisite jurisdictional amount is not met.

The cases cited by plaintiff in support of his position are not apposite here since these cases deal with a good faith claim in the ad damnum regardless of the probability or improbability of getting a verdict in the jurisdictional amount. See Morris v. Gimbel Brothers Inc., 246 F. Supp. 984 (D.C.E.D.Pa.) 1965.

■■ Plaintiff's second theory in his supplemental memo that would bring him within the jurisdictional amount if taken as true, is the inclusion of the interest as set forth in the General Laws of R.I.

Section 9–21–10 to the ten thousand dollar ($10,000) liability insurance policy. Section 9–21–10 reads as follows:

"In causes of action and actions for damages to the person or to real and personal estate in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages, interest thereon from the date of the filing of the complaint which shall be included in the judgment entered therein."

Plaintiff claims that this type of interest was not meant to be excluded under 28 U.S.C.A. Section 1332(a) and therefore should be added. If Section 1332(a) were liberally construed in conjunction with R.I. General Laws 9–21–10 there might be some merit to plaintiff's argument, but as has been said many times, statutes conferring diversity jurisdiction upon federal courts must be strictly construed. cf. Hedberg v. State Farm Mutual Auto Insurance Co., 350 F.2d 924 (8 Cir.) 1965; Fratto v. Northern Insurance Co. of New York, 242 F.Supp. 262 (D.C., 1965).

The case of Regan v. Marshall, 1 Cir., 309 F.2d 677 which seems directly in point to the case at bar at page 678 says:

"When the statute requires that the amount in controversy 'exceeds the sum * * * of $10,000, exclusive of interest and costs * * *' it makes no difference whether the interest which is sought accumulated upon the principal obligation sued upon because of contract, or by common law, or by statute, or whether the interest be termed a penalty or damages, so long as it is an incident arising solely by virtue of a delay in payment. Merrigan v. Metropolitan Life Ins. Co., D.C.E.D.La. 1942, 43 F.Supp. 209; Reynolds v. Reynolds, D.C.W.D.Ark., 1946, 65 F. Supp. 916;"

The court went on to say that

"The case at bar is additionally lacking in merit because under the New Hampshire statute interest accrues only from the date of the commence-

ment of suit. Hence under no possible theory could it be thought that the amount in controversy exceeded the principal sum."

Another case that sheds light on the problem is Merrigan v. Metropolitan Life Insurance Co., 43 F.Supp. 209 (D.C.E.D. La.) 1942 where the court concluded that interest, even if looked upon as the measure of damages suffered by reason of nonpayment of money when due and, therefore, a penalty is still interest in its very nature and it cannot be included in the matter in controversy in seeking to establish Federal District court jurisdiction.

The interest provided for in R.I. General Laws Section 9–21–10, seems to be interest within the definition of interest and is completely contingent upon the plaintiff receiving a favorable verdict and therefore would be a mere accessory to the principal. According to Sylvania Electric Products v. Barker, 1 Cir., 228 F.2d 842, certiorari denied 350 U.S. 988, 76 S.Ct. 475, 100 L.Ed. 854, the interest in this sort of statute on a verdict from date of writ is an item of substantive damages awarded in order that the plaintiff may be more fully and justly compensated for the wrong complained of if he wins.

The cases cited by the plaintiff aren't applicable here since Buras v. Birmingham Fire Insurance Co. of Penn., 327 F.2d 238 (C.A. 5 Cir.) 1964, was decided on the basis that this 6% exaction was in the nature of a penalty, not interest because Louisiana has a statutory interest rate of 5% which is in derogation of deciding this 6% exaction interest also and this 6% is not due if life insurance contract is settled within sixty (60) days. Richie v. Richie, D.C., 186 F.Supp. 592 isn't in point either since this was a suit upon a judgment of which a component part may have been interest on the original claim, but in such case the judgment itself constitutes a new and single cause of action.

Since the Federal Statute must be strictly construed for diversity jurisdictional purposes, I feel that in the absence of clear and convincing proof to the contrary, the interest set forth in the R.I. Statute is incidental to the principal and is really only interest on the judgment that reverts back to the filing of the complaint in order to more fully compensate the aggrieved party and must be excluded from inclusion to make up the requisite jurisdictional amount.

The Motion to Dismiss is hereby granted without prejudice with leave to amend the complaint.

 Since this is determinative of the motion, the question of diversity of citizenship need not be decided. However, the court feels it should point out that the defendant's argument fails to recognize the nub of the case which is to determine when citizenship attaches. In an action such as this, jurisdiction is to be determined as of the time the suit is filed. See Julian v. Sarkes Tarzian, Inc., 7 Cir., 352 F.2d 845, 846.