MOORE and another *v.* TOWN COUNCIL OF EDGEFIELD.

(*Circuit Court, D. South Carolina.* August, 1887.)

1. COURTS—FEDERAL JURISDICTION—AMOUNT IN DISPUTE.
   Under the act of congress (March 4, 1887) the circuit court of the United States has not jurisdiction in a controversy between citizens of different states, if the sum or value of the matter in dispute does not exceed $2,000, excluding from the computation any interest which may have accrued up to the date of suit.

2. MANDAMUS—TAX LEVY—IMPEACHMENT OF JUDGMENT.
   In an application for a *mandamus* for the levy of a tax to pay a judgment, it is competent to show that the judgment was obtained *coram non judice.*

3. JUDGMENT—COLLATERAL ATTACK.
   A judgment can be impeached collaterally if the court rendering it was wholly without jurisdiction.[1]

(*Syllabus by the Court.*)

Rule to Show Cause why a *mandamus* should not issue to levy a tax for the payment of a judgment.

---

[1] The want of jurisdiction is a matter that may always be set up against a judgment when sought to be enforced, or where any benefit is claimed under it. Grimmett v. Askew, (Ark.) 2 S. W. Rep. 707, and note; Fahey v. Mottu, (Md.) 10 Atl. Rep. 68; Jasper Co. v. Mickey, (Mo.) 4 S. W. Rep. 424; Spoors v. Cowen, (Ohio,) 9 N. E. Rep. 132.

*R. W. Shoud*, for plaintiffs.
*Ernest F. Gary*, for defendant.

SIMONTON, J. On the rule-day, in May, 1887, the plaintiff obtained judgment by default against the town of Edgefield in the sum of $2,105, and costs; the cause of action consisting of certain bonds and coupons issued by defendant. Judgment was entered for the principal of the bonds, and the coupons with interest on them, in detail as follows:

| | |
|---|---:|
| Principal of bonds past due, - - - - - | $1,440 00 |
| Coupons for 3½ years, - - - - - - | 436 80 |
| | $1,876 80 |
| Interest on such principal and on the coupons, - - - | 228 95 |
| | $2,105 75 |

The execution issued upon this judgment having been returned *nulla bona*, application was made for a rule to show cause why a *mandamus* should not issue to the town council of Edgefield requiring the levy of a special tax to pay this judgment. The return to this rule sets out several grounds for refusing the *mandamus*. It is necessary to consider but one of these. The respondent contends that the subject-matter of the suit on which judgment was had was not within the jurisdiction of this court, and that the judgment is void. The act of congress (March 4, 1887) limits the jurisdiction of this court in controversies between citizens of different states to cases "in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000." 120 U. S. 786. This suit began March 9, 1887. On that day the matter in dispute, "that is to say, the amount claimed by the plaintiffs in their complaint," (*Kanouse* v. *Martin*, 15 How. 207,) consisted of past-due bonds, past-due coupons, and interest on the bonds and coupons. The aggregate of bonds, coupons, and interest exceeds $2,000. If the interest be excluded the result will be less than $2,000. Do the words of the act exclude the interest which had accrued up to the date of the action, or do they refer only to the interest which may accrue between the date of the action and the rendition of verdict or allowance of judgment? The relator with great force presses the latter construction. The act, he says, excludes costs also; "the matter in dispute, exclusive of interest and costs." As costs do not accrue until after suit brought, he contends that the word "interest," put into the same sentence and category with the word "costs," must mean the interest which, like the costs, accrues after suit brought. This is the first case in this court upon this act. Although the act bears on its face marks of great haste and of an unusual want of care in its passage, and is in some particulars obscure, its purpose is clear to abridge the jurisdiction of the circuit courts of the United States. Before its passage the limit of the jurisdiction was a minimum ascertained on the whole amount claimed, excluding costs. This act ascertains the minimum by excluding from the amount claimed interest as well as costs. The decisions of the supreme court

had already decided that accruing interest as well as costs do not enter into the computation in determining the limit of its jurisdiction. The language is the same, " when the matter in dispute, exclusive of costs, exceeds $5,000." Here neither interest on the judgment nor costs of suit can enter into the computation. *Telegraph Co.* v. *Rogers*, 93 U. S. 566; *Troy* v. *Evans*, 97 U. S. 1. By analogy of reasoning, when a matter in dispute, exclusive of costs, did not exceed $500, the accrual of interest of the suit brought could not have created jurisdiction in the circuit court under the law as it stood before the act was passed. It would seem, therefore, that congress, when the word "interest" was inserted, intended something more than to declare the law. The matter in dispute in the present case consists of three elements,—the past-due bonds, coupons representing past-due interest, and the interest accrued on past-due bonds and coupons. The act of 1887 does not say that the matter in dispute must exceed $2,000, but that the matter in dispute, *exclusive of interest*, must exceed, etc.; that is to say, the interest must be excluded from the matter in dispute, and the result must exceed $2,000, else the court will not have jurisdiction.

Again, the jurisdiction of the court depends upon and is determined by the condition of things existing on the day action is brought. If the jurisdiction depends upon citizenship, and on the day suit is brought the parties to the controversy are citizens of different states, the court will have and will retain jurisdiction, notwithstanding that afterwards they may become citizens of the same state. *Conolly* v. *Taylor*, 2 Pet. 556; *Dunn* v. *Clarke*, 8 Pet. 1. A petition for removal on a similar ground will not be granted, unless it appears that at the time of action brought the diversity of citizenship existed, even though at the date of the preparation and filing of the petition the parties had ceased to be citizens of the same state. *Bruce* v. *Gibson*, 108 U. S. 563, 2 Sup. Ct. Rep. 873; *Akers* v. *Akers*, 117 U. S. 197, 6 Sup. Ct. Rep. 669.

Notwithstanding this act, an action begun at any time anterior to its passage could be maintained, although the matter in dispute exceeded but by one dollar $500, exclusive of costs. And so, as we have seen, the jurisdiction of the supreme court is determined by the amount of the judgment in the circuit court, and is not aided by interest accruing thereon after the date of the judgment. This being so, when the jurisdiction depends upon the amount, this amount on the day suit is brought must exceed the minimum fixed by law. And when the amount is ascertained by excluding from the matter in dispute interest as well as costs, the interest to be excluded must be the interest due on that day. But it is said the act also excludes costs. So it does, but we must remember that costs accrue the instant the suit begins, on filing the papers with the clerk, or upon depositing them with the marshal; and therefore there is neither looseness nor impropriety in the expression that there must be excluded from the calculation the costs existing on the day suit is brought, as well as 'the interest accrued up to that time. It is true that under this view of the law some inconsistency arises. The court would have jurisdiction in an action upon an open account for $2,001.

And it may not have jurisdiction in an action upon a note or bond for $1,800, upon which there may be due and unpaid four years of interest. Such inconsistencies are for the consideration of congress, and not the court. But, say the plaintiffs, suppose that the claim is wholly for interest,—for example, a bond for $100,000, payable in 10 years, interest payable annually; on this bond let one or more installments of interest be due, — is the court excluded from jurisdiction? Clearly it would not be. Each installment of interest due itself becomes an interest-bearing fund; a sum certain and a distinct cause of action; a matter in dispute in itself actionable independent of the fact that the bond is not due. The relators contend that the return cannot impeach the validity of the judgment; that this cannot be inquired into collaterally; and that, for the purposes of this rule, the judgment must stand. If there be error in the judgment, it can be corrected only by appeal. There can be no doubt that where the parties and the subject-matter, or either, are within the jurisdiction of the court, the judgment cannot be impeached for error in whole or in part in a collateral proceeding. The only mode of correcting it is an appeal. *Kempe's Lessee* v. *Kennedy,* 5 Cranch, 185; *Skillern* v. *May,* 6 Cranch, 267; *Bank* v. *Moss,* 6 How. 39; *U. S.* v. *Huckabee,* 16 Wall. 435. See *Walker* v. *Hill,* (Ind.) 12 N. E. Rep. 387. But when it appears by an inspection of the record that the court was wholly without jurisdiction,—that the matter was *coram non judice,*—the judgment is void and of no effect, and must be disregarded. *Elliott* v. *Lessee of Peirsol,* 1 Pet. 328; *Miller* v. *Miller,* 1 Bailey, Law, 244; *James* v. *Smith,* 2 S. C. 188; Freem. Judgm. 188. See *Pasteur* v. *Lewis,* (La.) 1 South. Rep. 307. This court, it must be remembered, has but a limited jurisdiction in *mandamus.* Its authority to issue the writ is solely in aid of its jurisdiction. *Bath* v. *Amy,* 13 Wall. 244; *Rosenbaum* v. *Bauer,* 120 U. S. 450, 7 Sup. Ct. Rep. 633. The first question, then, is, is the matter to be enforced within the jurisdiction of the court? In the present case it is not. Let the rule to show cause be dismissed, and the *mandamus* be refused.