# EDWARDS *v.* BATES COUNTY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF MISSOURI.

No. 259.   Submitted April 29, 1896. — Decided May 18, 1896.

In determining the jurisdictional amount in an action in a Circuit Court of the United States to recover on a municipal bond, the matured coupons are to be treated as separable independent promises, and not as interest due upon the bond.

ON October 5, 1891, plaintiff in error filed his petition to recover from the defendant an aggregate alleged indebtedness, consisting of the following items:

1. The principal of two bonds for one thousand dollars each, issued by the defendant on January 18, 1871, with interest from the date of maturity of the bonds (January 18, 1886);

2. The amount of interest coupons on said bonds, due and payable on the eighteenth day of January, in the years 1873 to 1886, both inclusive, with interest from the maturity of each coupon; and,

3. The principal of seven funded bonds of said county, each for the sum of one hundred dollars, dated October 1, 1885, and payable October 1, 1905.

The petition alleged that due notice had been given by the county, pursuant to an option reserved by it, that it would redeem said last named bonds at a place named, on the 1st of July, 1891, and that on that date and at the place designated said bonds had been duly presented and payment thereof demanded and refused.

A plea to the jurisdiction was filed on behalf of the defendant, based upon the claim that the matter in controversy, exclusive of interest and costs, did not exceed the sum or value of $2000.   It was alleged, among other things, that each of the funded bonds provided on its face that the said county of Bates, for and on behalf of the township of Mount Pleasant, reserved the right at its option to redeem the bonds at any time after five years from the 1st day of October, 1885, in accordance

with the conditions printed on the back, which conditions, among other things, provided for the giving of notice, by advertisement, of the intention to redeem, and further provided that "if any bond be not presented as required in such notice, or within thirty days after the date therein fixed, interest thereon shall cease from said date, but said bond, with interest accrued to said date, shall be payable upon presentment at the office of the treasurer of Bates County at any time thereafter."

It was further alleged that the funding bonds in question had not been presented for payment, and that the purpose of including them in the suit at bar was merely in aid of an attempt to confer jurisdiction upon the court over the claim of plaintiff upon the two one thousand dollar bonds. The plaintiff filed a reply to the plea to the jurisdiction, and the issue thereby raised was heard upon an agreed statement of facts and certain documentary evidence unnecessary to be specifically stated.

In the agreed statement of facts it was admitted that the funding bonds in question had never been presented for payment at the place designated by the contract for the redemption of the same, though said county had on deposit at the depository named in the advertised notice of intention to redeem, on said 1st day of July, 1891, and for more than thirty days thereafter, sufficient funds to pay said bonds, which funds had been deposited for such special purpose, and that the county of Bates had in the hands of its county treasurer money sufficient belonging to said township to pay said bonds at any and all times after said thirty days from said first day of July, 1891, if they had been presented for payment by the holder thereof.

The trial court sustained the plea, and dismissed the case for want of jurisdiction. 55 Fed. Rep. 436. The case was then brought to this court by writ of error.

*Mr. T. K. Skinker* for plaintiff in error.

No appearance for defendant in error.

Mr. Justice White, after stating the case, delivered the opinion of the court.

We are solely concerned in this case in determining whether or not the Circuit Court possessed jurisdiction over the claim asserted in the petition. Act of March 3, 1891, c. 517, § 5.

From the facts heretofore detailed the following questions arise:

First. Should the Circuit Court have taken into consideration, for the purpose of ascertaining the adequacy of the jurisdictional amount, the claim of plaintiff upon the interest coupons attached to the two one thousand dollar bonds?

Second. Did the court rightly hold that the amount of the claim upon the funding bonds was not an item "in dispute" between the parties, and therefore not proper to be taken into account in determining whether the court possessed jurisdiction?

As to the first point. By the act of Congress of March 3, 1887, c. 373, as amended August 13, 1888, c. 866, 25 Stat. 434, original jurisdiction was conferred upon Circuit Courts of the United States, "concurrent with the courts of the several States, of all suits of a civil nature at common law or in equity, . . . in which there shall be a controversy between citizens of different States in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars."

It is contended that an indebtedness for the face amount of coupons is an indebtedness for "interest" within the meaning of the statute.

The nature of a coupon was thus defined in *Aurora* v. *West,* 7 Wall. 82, where this court said (p. 105):

"Coupons are written contracts for the payment of a definite sum of money, on a given day, and being drawn and executed in a form and mode for the very purpose that they may be separated from the bonds, it is held that they are negotiable, and that a suit may be maintained on them without the necessity of producing the bonds to which they were attached."

Each matured coupon upon a negotiable bond is a separable promise, distinct from the promises to pay the bond or other coupons, and gives rise to a separate cause of action. *Nesbit* v. *Riverside Independent District*, 144 U. S. 610. In that case this court said (p. 619):

"Each matured coupon is a separable promise, and gives rise to a separate cause of action. It may be detached from the bond and sold by itself. Indeed, the title to several matured coupons of the same bond may be in as many different persons, and upon each a distinct and separate action be maintained. So, while the promises of the bond and of the coupons in the first instance are upon the same paper, and the coupons are for interest due upon the bond, yet the promise to pay the coupon is as distinct from that to pay the bond, as though the two promises were placed in different instruments upon different paper."

Not only may a suit be maintained upon an unpaid coupon, in advance of the maturity of the principal debt, but the holder of a coupon is entitled to recover interest thereon from its maturity. *Amy* v. *Dubuque*, 98 U. S. 470, 473. The logical effect of these rulings is that when the interest evidenced by a coupon has become due and payable the demand based upon the promise contained in such coupon is no longer a mere incident of the principal indebtedness represented by the bond, but becomes really a principal obligation. Clearly, such would be the nature of the claim of one who as owner of the coupons and not of the bonds, brought his action to enforce payment of the indebtedness evidenced by the coupons. So, also, before maturity of the bonds, their holder could still have sued upon the matured coupons as an independent indebtedness, and not as a mere accessory to a demand for a recovery of the face of the bonds. No good reason, therefore, exists for creating a distinction between such cases and the case at bar in which there is coupled with the demand to recover upon the coupons a demand for judgment upon the bonds. The confusion of thought to which we alluded in the case of *Brown* v. *Webster*, 156 U. S. 328, is also involved in the decision below, that is, the failure to

distinguish between a principal and accessory demand. The claim made by the plaintiff on the coupons was in no just sense accessory to any other demand, but was in itself principal and primary. In ascertaining, therefore, the jurisdictional sum in dispute, the sum of the coupons should have been treated as an independent, principal demand and not as interest; and in holding otherwise the lower court erred to the prejudice of the plaintiff in error.

As the face of the bonds amounted to the sum of two thousand dollars, the addition of the demand based upon the coupons brought the sum in dispute within the jurisdiction of the Circuit Court. It is, therefore, unnecessary to consider whether the controversy as to the funding bonds did not involve a real matter "in dispute" between the parties.

*The judgment is reversed and the cause is remanded with directions to set aside the order dismissing the action for want of jurisdiction, and for further proceedings in conformity to law.*