## FRITCHEN v. MUELLER et al.

District Court, D. Kansas, First Division.
June 19, 1928.

No. 3249.

Removal of causes ⬤=74—Suit on note for $3,000, plus interest, having clause that unpaid interest should become as principal, cannot be removed to federal court.

Suit commenced in state court on promissory note for principal sum of $3,000 with interest clause providing that unpaid interest should become as principal and bear same rate of interest, on which amount due as principal and interest was $3,226.66, cannot be removed to federal court, since obligation to pay interest cannot be separated from obligation to pay principal, and amount in controversy was not sufficient.

At Law. Action brought in state court by F. F. Fritchen against E. C. Mueller and another. On motion to remand. Motion sustained.

N. C. Else, of Osborne, Kan., and Crane, Messick & Crane, of Topeka, Kan., for plaintiff.

Kagey, Noah & Kagey, of Beloit, Kan., for defendants.

McDERMOTT, District Judge. This action was brought in the state court, and the sole question presented is whether the amount in controversy is sufficient to support the removal. It is a suit on a promissory note for the principal sum of $3,000, with the following interest clause:

"With interest payable at the rate of 6 per cent. from date and 8 per cent. from maturity until paid, payable semiannually, and, if the interest be not paid when due, to become as principal and bear the same rate of interest."

The amount due as principal and interest at the time of bringing the suit was $3,226.66. Does the fact that the note recites that the interest, if not paid when due, shall become principal, and itself bear interest, so change the nature of such "interest" that it no longer falls within the exception of the jurisdictional statute, "exclusive of interest and costs"?

The removing defendant relies upon the case of Edwards v. Bates County, 163 U. S. 269, 16 S. Ct. 967, 41 L. Ed. 155, and other cases following that case. In that case a suit was brought upon two municipal bonds, the principal of which were less than the jurisdictional amount, and upon a number of separate interest coupons, which, if treated as a principal obligation, would bring the case within the jurisdiction of the federal

courts. The Supreme Court of the United States held that jurisdiction existed, because the interest coupons were, in and of themselves, separate and independent and complete obligations to pay. The coupons could be detached from the principal note, could be separately transferred, and a separate suit could be brought upon each coupon. The court said, quoting from Nesbitt v. Riverside Independent District, 144 U. S. 610, 12 S. Ct. 746, 36 L. Ed. 562, as follows:

"Each matured coupon is a separable promise, and gives rise to a separate cause of action. It may be detached from the bond and sold by itself. Indeed, the title to several matured coupons of the same bond may be in as many different persons, and upon each a distinct and separate action be maintained. So, while the promises of the bond and of the coupons in the first instance are upon the same paper, and the coupons are for interest due upon the bond, yet the promise to pay the coupon is as distinct from that to pay the bond as though the two promises were placed in different instruments upon different paper."

The court then proceeded to say that, since an independent suit might be maintained upon an independent coupon, the coupon was no longer an incident of the indebtedness, but became a principal obligation. The court then said:

"Clearly, such would be the nature of the claim of one who, as owner of the coupons and not of the bonds, brought his action to enforce payment of the indebtedness evidenced by the coupons. So, also, before maturity of the bonds, their holder could still have sued upon the matured coupons as an independent indebtedness, and not as a mere accessory to a demand for a recovery of the face of the bonds. No good reason, therefore, exists for creating a distinction between such cases and the case at bar in which there is coupled with the demand to recover upon the coupons a demand for judgment upon the bonds. The confusion of thought to which we alluded in the case of Brown v. Webster, 156 U. S. 328 [15 S. Ct. 377, 39 L. Ed. 440], is also involved in the decision below, that is, the failure to distinguish between a principal and accessory demand. The claim made by the plaintiff on the coupons was in no just sense accessory to any other demand, but was in itself principal and primary."

Where separate interest coupons are given with a principal note, whether they be physically attached or not, it is in fact a payment of interest in advance. The coupons

themselves are negotiable, and the holder of the principal note may generally detach them, discount them, and have his interest in advance. That is not true in the present case. In the present case the interest is purely accessory to the principal. The obligation to pay interest cannot be separated from the obligation to pay the principal; it is not a separate, independent, and complete obligation, as in the case of a coupon.

As a matter of fact, the peculiar wording of this note is for the manifest purpose of evading the public policy of this state, which is against the collection of compound interest. The language of the United States Circuit Court for the Western District of Kentucky in Gilson v. Mutual Reserve Fund Life Association, 129 F. 1003, is applicable:

"The utmost that can be said of the petition is that it seeks to recover compound interest, but, in the opinion of the court, it is nevertheless interest, and nothing more, within the meaning of the judiciary act, and consequently it does not appear that the amount claimed in the petition of the plaintiff, exclusive of interest and costs, exceeds the sum of $2,000. Indeed, all except the dues and premiums is expressly claimed as interest, and expressly shown to be interest, and nothing else."

The motion to remand will be sustained.