## ATHAN v. HARTFORD FIRE INS. CO.
### No. 13.

Circuit Court of Appeals, Second Circuit.
Oct. 15, 1934.

Avery, Taussig & Fisk, of New York City (Charles A. Taussig, of New York City, of counsel), for appellant.

William Lurie, of New York City, for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

This action, founded upon a policy of fire insurance, was originally brought in the City Court of the city of New York. On the petition of the defendant, it was removed to the United States District Court on the ground of diverse citizenship. There it was tried to a jury which returned a verdict in favor of the plaintiff. From the judgment entered thereon, the defendant has appealed, contending that the removal was improper and the District Court without jurisdiction. Although this point was not raised below and no assignment of error presents it, we are constrained to consider it on appeal, since it pertains to jurisdiction, and jurisdiction can be neither conferred by consent nor waived. Chicago, B. & Q. R. Co. v. Willard, 220 U. S. 413, 427, 31 S. Ct. 460, 55 L. Ed. 521; Ayers v. Watson, 113 U. S. 594, 598, 5 S. Ct. 641, 28 L. Ed. 1093; U. S. Envelope Co. v. Transo Paper Co., 229 F. 576, 579 (D. C. Conn.); Leidecker Tool Co. v. Laster, 39 F.(2d) 615 (C. C. A. 10).

The policy of insurance was for the amount of $3,000, and the complaint, dated March 9, 1932, demanded judgment for this sum with interest from January 10, 1932, and costs. The notice of petition for removal was dated March 17, 1932. Under the statute relating to the removal of causes (28 USCA § 71), removal is permitted of civil suits of which the District Courts of the United States are given jurisdiction; and, under the statute relating to District Courts, they have jurisdiction "where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and * * * is between citizens of different States" (28 USCA § 41 (1). By the express terms of this statute the amount in controversy, exclusive of interest and costs, must exceed the sum of $3,000. In the case at bar it exactly equaled, but did not exceed, that sum. Hence the court below was without jurisdiction to take the case on removal, and the judgment must be reversed and the cause remanded to the court in which it was originally brought. Lazensky v. Supreme Lodge, etc., 32 F. 417 (C. C. N. Y.); Kaufman v. I. Rheinstrom Sons Co., 188 F. 544 (C. C. N. Y.); Royal Insurance Co. v. Stoddard, 201 F. 915 (C. C. A. 8); Home Life Ins. Co. v. Sipp, 11 F.(2d) 474 (C. C. A. 3); Hughes, Federal Practice, Jurisdiction and Procedure, vol. 14, p. 664.

The appellee urges that interest which had accrued prior to the commencement of the action brings the amount in controversy to a sum in excess of $3,000, and that the language of the statute excluding the computation of interest in figuring the jurisdictional amount should be construed to refer to interest accruing subsequent to starting the suit. The language will not bear such a construction. The phrase "exclusive of interest and costs" necessarily refers to interest accrued prior to filing the complaint because that is the time when the ad damnum will be stated, and it is by the ad damnum that the amount in controversy is determined. Edwards v. Bates County, 163 U. S. 269, 16 S. Ct. 967, 41 L. Ed. 155, by necessary implication refutes the appellee's contention. There the court took pains to prove that a coupon was not interest but a separate instrument, itself bearing interest and capable of being sued upon; hence the interest coupon could be added to the principal bond to make up the jurisdictional amount. The implication is clear that, had accrued interest not been evidenced by a coupon, the court would have had no jurisdiction. See, in accord, Fritchen v. Mueller, 27 F.(2d) 167 (D. C. Kan.); Gilson v. Mutual Reserve Fund Life Ass'n, 129 F. 1003 (C. C. Ky.); Voorhees v. Ætna Life Insurance Co., 250 F. 484 (D. C. N. J.).

In procuring removal, the defendant deposited a bond for costs. The plaintiff asks

**68**

that we award him costs in the amount of the penal sum of this bond. This is a matter beyond our jurisdiction. Our denial of the relief will not prejudice his renewal of the application before the appropriate tribunal.

For the reasons above stated, the judgment must be reversed and the cause sent back to the District Court, with directions to remand it to the City Court of the city of New York. It is so ordered.