### ALROPA CORPORATION v. MYERS.
Civ. A. No. 218.

District Court, D. Delaware.
June 26, 1944.

William H. Foulk, of Wilmington, Del., and Sigmund H. Steinberg and Samuel J. Gottesfeld, both of Philadelphia, Pa., for plaintiff.

James R. Morford (of Marvel & Morford), of Wilmington, Del., for defendant.

LEAHY, District Judge.

Defendant moves under Rule 12(b) and (h), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for dismissal of the complaint. Plaintiff moves for summary judgment under Rule 56.

The action is based on nine promissory notes, dated June 2, 1925, each for $281.25, bearing 8% interest and a 10% attorney's fee. Three of the notes are payable June 2, 1926, three payable December 2, 1926, and three payable June 2, 1927. Defendant and John G. Myers, Sr., executed and delivered the notes to Tropical Development, a Florida corporation, as part consideration under three land contracts, each entitled "Agreement for Deed", dated June 2, 1925, whereunder Tropical was to grant in fee three parcels of real property in Okeechobee County, Florida, to defendant, who made the down payment and paid the first promissory notes provided for in each of the three agreements. Tropical endorsed the notes before maturity to OKay Farms, Incorporated, a Florida corporation, which also before maturity endorsed to R. H. Ford, who after maturity endorsed to plaintiff. Ford was an officer of both corporations.

Defendant contends that neither OKay nor Ford were holders in due course of the notes by reason of the identity of the official family and directorate of both companies. Neither Tropical nor OKay nor any other person has ever tendered defendant a deed for the properties.[1] Defendant attacks jurisdiction, relies on the Delaware statute of limitations, contends Tropical had no legal existence at the time of the delivery of the notes, argues the agreements contain mutual and dependent covenants requiring a tender of a deed for the lands in suit before recovery may be had on the notes, and, finally, plaintiff is not a holder in due course.

1. Jurisdiction. Sec. 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1), provides for jurisdiction "where the matter in controversy exceeds, exclusive of interest or costs, the sum or value of $3,000 and * * * is between citizens of different States * * *." The principal of the notes is $2,531.25. Interest amounts to $3,164.06. Whatever amount of interest has accrued on the notes in suit and whatever the rate of interest is, the claim plus interest amounting to $5,164.06 may not be considered in making up jurisdictional amount. Athan v. Hartford Fire Ins. Co., 2 Cir., 73 F.2d 66; Merrigan v. Metropolitan Life Ins. Co., D.C., 43 F.Supp. 209. In determining the amount in controversy, a stipulated attorney's fee may be considered as it is not an item of costs but an integral part of plaintiff's recovery. Springstead v. Crawfordsville State Bank, 231 U.S. 541, 34 S.Ct. 195, 58 L.Ed. 354; Nathan v. Rock Springs Distilling Co., 6 Cir., 10 F.2d 268; LeRoy v. Hartwick, D.C., 229 F. 857. The question arises— what date shall be used as a base for determining the amount of the fee recoverable? The provisions of the notes control. Thus, a provision might apply to the amount—principal plus interest—due at the time suit is instituted or when the notes are turned over to an attorney for collection or the amount found due at the time judgment is rendered. See 11 C.J.S., Bills and Notes, 726, p. 280. Here, the note provides "in case suit shall be brought for the collection [of the notes], or the same has to be collected upon demand of an attorney," the makers agreed "to pay 10% attorney's fee for making such collection." At the time of institution of suit plaintiff contends the attorney's fee was $569.53. This figure may be accepted as part of the amount in controversy. This plus the principal amount of the notes—$2,531.25— makes the matter in controversy exceed the statutory requirement of $3,000.

2. The statute of limitations. The Delaware statute of limitations controls. Goodrich (2d Ed.) Conflict of Laws, 201; Restatement, Conflict of Laws, 720. Defendant relies on the Revised Code of Delaware of 1935, Section 5131, which provides: "when the cause of action arises from a promissory note * * * the action may be commenced at any time within six years from the accruing of the cause

---

[1] Tropical acquired title subject to a $145,000 purchase-money mortgage. On June 1, 1927 it conveyed the lands in question to OKay. OKay lost the property when the original purchase-money mortgage was foreclosed and the purchaser took title on April 9, 1933.

of action." This statute[2] is inapplicable because these notes are specialties under seal. Under § 6(4) of the N.I.L., the validity and negotiability of an instrument is not affected by the fact that it is under seal. And a party is free to affix a seal to a promissory note, but in doing so he makes the writing effectual as a contract under seal. Grand Lodge of Knights of Pythias of Florida v. State Bank of Florida, 79 Fla. 471, 84 So. 528. The current difference between sealed and unsealed promissory notes consists in the longer statutes of limitation applicable to each writing. A note under seal is governed by the statutes of limitation or other law applicable to specialties. See 37 C.J., Limitations of Actions § 79. What constitutes a sealed note is the intention of the maker that he has adopted the particular writing as his sealed instrument. The intention to execute such a writing must appear both in the body of the instrument and after the signature. See 10 C.J.S., Bills and Notes, § 75. In the body of the "Agreement for Deed" the payments for the land are specified both as to amount and dates of payment. In this writing the following language appears: "In Witness Whereof, The parties to these presents have hereunto set their hands and seals the day and year first above written." Defendant then signed the agreement before the word: "(Seal)". This writing obviously is a specialty. As the notes given to secure the payments provided for in the agreement are under seal, it is unlikely that the obligations created by the notes were intended by the parties to have a shorter period of legal obligation. When the notes are integrated with the agreement, each under seal, the intention of the parties is disclosed that they were dealing with a specialty in both instances.

There is no statute of limitation in Delaware with respect to specialties. Garber v. Whittaker, Del. Ch., 2 A.2d 85. There exists merely a presumption of payment or satisfaction after twenty years. The mere institution of this suit rebuts the presumption. The statute of limitation defense is without merit.

3. Defendant's main contention is that the original payee was not incorporated in Florida at the time the notes were delivered, and by Florida statute was prohibited from doing business as of June 2, 1925. Revised General Laws of Florida, Secs. 4049–4055, F.S.A. §§ 611.01–611.05, 610.21, 610.22. Tropical's corporate existence actually commenced on June 18, 1925. Under such circumstances, the maker is liable, under Florida law, to a holder in due course. Commercial N. B. v. Jordan, 71 Fla. 566, 71 So. 760. In any event, it would appear that under the Florida law defendant is estopped from denying the

---

[2] Early Delaware law provided for limitation of action involving promissory notes. It was at one time argued that under the Act of 15 George II, 1742, 1 Del.Laws 524, there was no bar to a suit on a promissory note. Such a contention was rejected in Williams v. Mendenhall, 1817, 2 Del.Cas. 312, 313, where the High Court of Errors and Appeals held that: " * * * We are of opinion that a promissory note is, by the Act of 1793, 2 Del.Laws 1133, excepted and taken out of the Act of 1792, c. 248, 2 Del.Laws 1031, and that the Act of 1773, c. 216a, 1 Del.Laws 524, is not revived as to promissory notes. There is no clause respecting the Act of 1792, and it appears to have been the intention of the legislature to place mortgage bonds [sic], bills, promissory notes and settlements under the hands of the parties concerned all on the same footing * * *."

Present Section 5131, insofar as it has reference to promissory notes, was first enacted in 1829. See Revised Code of 1829, sec. 5, p. 397. Defendant argues that "promissory note" as it occurs in the current statute includes a promissory note under seal and that the six year period of limitation as found in Sec. 5131, should, therefore, control. This might be sound argument if Sec. 5131 were of recent origin, as the Negotiable Instruments Law (enacted in Delaware in 1911, c. 399) abolishes the distinction between promissory notes not under seal and promissory notes under seal as respects negotiability. But, at common law promissory notes under seal were not negotiable. See Davis v. McWhorter, 122 Ala. 570, 26 So. 119; Maryland Fert. & Mfg. Co. v. Newman, 60 Md. 584, 45 Am.Rep. 750. The reference by the Delaware Legislature as early as 1829 to "promissory note" was intended to include merely negotiable promissory notes, i. e., promissory notes not under seal. Thus, when Sec. 5131 uses the term "promissory note", it must be remembered that in 1829 a note under seal was not intended to be included, especially since under the Law Merchant negotiability was regarded as the most important attribute of such commercial paper.

payee corporation's existence at the time of the general delivery of the notes. Revised General Laws of Florida, Sec. 4115 (Comp.Laws of Florida of 1927, Sec. 6046, F.S.A. § 610.27); Grand Lodge v. Moore, 120 Fla. 761, 163 So. 108; Booskie v. Gulf Ice Co., 24 Fla. 550, 5 So. 247; Jackson Sharp. Co. v. Holland, 14 Fla. 384. Cf. 18 C.J.S., Corporations, § 109, pages 504, 505.

■ 4. Defendant argues that mutual and dependent covenants exist. As the notes were given as consideration for the conveyance by the payee of real estate when the last note was paid, defendant contends that under Florida law the notes could not be sued on unless the payee or its endorsees made tender of the deeds for the three parcels of land covered by the original "Agreements for Deed". Plaintiff contends that, under Florida law, a tender in the case at bar is unnecessary in the light of a provision in the original agreements which reads: "The parties hereto expressly covenant and agree that upon the execution and delivery of this agreement that the possession of the above described property is immediately vested in the second party with the privilege of using and enjoying the same." In Florida, it would appear, where a purchaser of real estate enters into possession—or has the right to—under a written contract, where promissory notes are given for the price of the land involved, in an action on the notes plaintiff need not allege a tender of deed. Piper v. Cooper-Atha-Bar Real Estate & Mortgage Co., 113 Fla. 327, 151 So. 495; Coral Gables Inc., v. Jones, 323 Pa. 425, 187 A. 434 (involving a Florida contract).

■ 5. The next question is whether plaintiff takes under a holder in due course. It is immaterial whether the question be considered as a matter of Florida or Delaware law as the N.I.L. is in force in both states.[3] Under Sec. 59 of the N.I.L., every holder is deemed prima facie to be a holder in due course. This was the law of Delaware and Florida prior to the adoption of Sec. 59. McCready v. Conn., 5 Har. 175, 176; Freeman v. Sutton, 3 Houst. 264; Bland v. Fidelity Trust Co., 71 Fla. 499, 71 So. 630, L.R.A.1916F, 209; Sample v. Wilson, 101 Fla. 818, 134 So. 549, 139 So. 144; Phoenix Mortgage & Loan Co. v. Martin, 102 Fla. 1061, 136 So. 673; Durham v. Meyer, 114 Fla. 594, 154 So. 702. A holder in due course holds the note free from any defect of title and free from defenses available to prior parties among themselves. Wiers v. White, 142 Fla. 628, 196 So. 206. A defense against the original parties is not good, therefore, against plaintiff if it be a holder in due course. Cf. Transbel Invest. Co. v. Scott, 344 Pa. 544, 26 A.2d 205. But, as defendant contends Tropical, OKay, Ford and the present plaintiff were never holders in due course, there are fact questions raised as to the extent of notice and knowledge that OKay and Ford had of the facts and circumstances relating to the original transaction between Tropical and defendant and whether each of the holders knew, at the time they took the notes by endorsement[4] of Tropical's inability, before it negotiated the notes in suit, to perform its part of the agreement. A trial must be had in order for plaintiff to prove that it takes through OKay and Ford as holders in due course.

Defendant's motion to dismiss and plaintiff's motion for summary judgment are denied.

Let the clerk place the cause on the trial list for the September term.

---

3 See Revised Code of Delaware of 1935, c. 78; Florida Statutes, F.S.A. Secs. 674.53 to 674.61; Secs. 51–59, N.I.L.

4 There is nothing in the pleadings and affidavits indicating the dates the various notes were negotiated.