John REGAN, Administrator, Plaintiff, Appellant,

v.

Donald MARSHALL, d/b/a Marshall's Mobilgas Station, Defendant, Appellee.

No. 6039.

United States Court of Appeals First Circuit.

Nov. 15, 1962.

James M. Winston, Manchester, N. H., for appellant.

Shane Devine, Manchester, N. H., with whom Devine, Millimet, McDonough, Stahl & Branch, Manchester, N. H., were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

This is an action brought in the District Court for the District of New Hampshire to recover $10,000 for the death of plaintiff's intestate in New Hampshire under N.H.Rev.Stat. Ch. 556 § 13 (Supp.1961), plus interest at 6 per

cent by virtue of Ch. 524 § 1-b (Supp. 1961).[1]  The court dismissed for lack of the jurisdictional amount.  28 U.S.C.A. § 1332(a).  This was correct.  When the statute requires that the amount in controversy "exceeds the sum * * * of $10,000, exclusive of interest and costs * * *" it makes no difference whether the interest which is sought accumulated upon the principal obligation sued upon because of contract, or by common law, or by statute, or whether the interest be termed a penalty or damages, so long as it is an incident arising solely by virtue of a delay in payment.[2]  Merrigan v. Metropolitan Life Ins. Co., D.C.E.D.La. 1942, 43 F.Supp. 209; Reynolds v. Reynolds, D.C.W.D.Ark., 1946, 65 F.Supp. 916; see City of Pawhuska, Okl. ex rel. Graham v. Midland Valley R. Co., 8 Cir., 1929, 33 F.2d 487.  This is not a case where the principal claim itself, at the time it arose, was made up in part of interest.  Cf. Brown v. Webster, 1895, 156 U.S. 328, 15 S.Ct. 377, 39 L.Ed. 440.  By the same token plaintiff's cases of suits upon judgments a component of which may have been interest on the original claim are not in point.  In such cases the judgment itself constitutes a new and single cause of action.  See Richie v. Richie, D.C.E.D.N.Y., 1960, 186 F.Supp. 592, 594; Restatement, Judgments § 47 (1942).

■  The case at bar is additionally lacking in merit because under the New Hampshire statute interest accrues only from the date of the commencement of suit.  Hence under no possible theory could it be thought that the amount in controversy exceeded the principal sum.

Judgment will be entered affirming the dismissal of the complaint for lack of jurisdiction.

1.  "In any action in which a verdict is rendered or a finding made for pecuniary damages for personal injuries to the plaintiff, or for wrongful death or for consequential damages, or for damage to property, there shall be added by the clerk of court to the amount of damages interest thereon from the date of the writ, even though such interest brings the amount of the verdict or findings beyond the maximum liability imposed by law."

2.  We need not decide whether statutory exactions for delay in amounts larger than normal interest rates are an exception.  Cf. Cahill v. Hovenden, 10 Cir., 1942, 132 F.2d 422.