**Cosmo D. ALBANI**

v.

**D & R TRUCK SERVICE, INC.**
Civ. No. 10497.

United States District Court
D. Connecticut.
June 28, 1965.

note 7. This under the particular circumstances of this case constitutes a valid arrest.

Richard J. Parrett, Buckley & Parrett, New Haven, Conn., for plaintiff.

Sherman A. Zitomer, New Haven, William L. Hadden and Clarence A. Hadden, New Haven, Conn., for defendant.

BLUMENFELD, District Judge.

This is a motion to dismiss on the ground that the amount requisite for jurisdiction of this court does not exist.

This is a diversity case. For jurisdiction to exist the applicable statute requires that the matter in controversy "exceeds the sum or value of $10,000, exclusive of interest and costs." 28 U.S.C. § 1332, as amended July 25, 1958. The complaint alleges that "the matter in controversy exceeds, exclusive of interest and costs, the sum of ten thousand ($10,-000) dollars," and the plaintiff demands judgment in the amount of $12,000.

While the amount claimed by the plaintiff in his prayer for relief is prima facie sufficient to sustain the complaint, Saint Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938), the allegation of jurisdiction may be attacked. The burden of proof always rests upon the party asserting existence of jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). However, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Saint Paul Mercury Indem. Co. v. Red Cab Co., supra, 303 U.S. at 289, 58 S.Ct. 586, 82 L.Ed. 845.

The cause of action arose when the defendant allegedly improperly repaired a motor vehicle tractor owned by the plaintiff. The defendant's liability is based upon the theory that it was either negligent or breached a warranty to make proper repairs. In consequence of the allegedly improper repairs, the plaintiff was put to the expense of not only having the tractor's engine properly repaired by another, but of also having to repair additional damage resulting from the plaintiff's use of the truck with the faulty motor after the defendant had assured him repairs had been made.

When this case came on for a pre-trial conference, the plaintiff complied with that portion of Local Rule 10(a) which provides:

"Prior to any scheduled pre-trial conference, counsel for plaintiffs shall deliver to defense counsel a written

itemized statement of all damages claimed to date, plus estimates of future items of damage * * *. Counsel shall bring to the conference for filing with the court a copy of said statement of damages * * *."

As filed, the plaintiff's statement reads:

## "PRE-TRIAL TABULATION OF DAMAGES

1. D. & R. Truck Service, Inc. (original repairs) $ 300.00
2. Diesel Engine & Fuel Injection Service, Inc. (towing tractor from D. & R. Truck Service in Orange to Worcester and repairs to engine   1,769.01
3. Loss of income-producing tractor from 3/23/64 to 4/30/65 at $100.00 per day   3,900.00

TOTAL   $5,969.01"

The Pre-Trial Order issued by Judge Clarie after the pre-trial conference before him provides:

"Inasmuch as the pre-trial tabulation of damages submitted by the plaintiff is less than the minimal jurisdiction provided by law for this Court, within ten (10) days from date, the plaintiff shall file with the Clerk of the Court an affidavit setting forth with specificity the actual damages in detail which he claims he will prove at the time of trial. Should the affidavit disclose that in the event the plaintiff prevailed the damages would not exceed $10,000., then the action should be dismissed for lack of jurisdiction."

The Amended Pre-Trial Tabulation of damages filed in response to the order enlarged the time span of claimed loss of income, and increased the rate of loss during that period from $100 per day to $150 per day. As additional items, the plaintiff claimed expenses of $250 for train and phone calls, etc. and finally:

"4. Interest on loan for truck repairs (Framingham National Bank)   1,200.00"

By virtue of these additional items, the total of damages claimed was increased from $5,969.01 to $10,119.01.

■ Assuming that interest from the date of the plaintiff's loss on each item of damages sustained as consequence of the defendant's conduct may be recoverable under the law of Connecticut, see Smith v. Waterbury & Milldale Tramway Co., 99 Conn. 446, 457, 121 Atl. 873 (1923); but see Blake v. City of Waterbury, 105 Conn. 482, 486–487, 136 Atl. 95 (1927); New York, N.H. & H. R.R. v. Ansonia Land & Water Power Co., 72 Conn. 703, 705, 46 Atl. 157 (1900), such interest if allowed would only be "interest at the legal rate," and not at the cost of the money to the plaintiff. Section 37–3 of the Connecticut General Statutes Annotated provides that "interest at the rate of six per cent a year, and no more, may be recovered and allowed in civil actions * * * as damages for the detention of money after it becomes payable." Taking the span of time most favorable to the plaintiff, legal interest on $8,919.01 from March 23, 1964, when the tractor was delivered into the possession of the defendant, until June 5, 1964, when the suit was commenced, a matter of 42 days, would amount to $6.24. This is a far cry from the plaintiff's tabulation of $1,200, an incredible sum on a loan of this size for the short period of time involved.

■ But even the sum of $6.24 would not properly be included in determining the requisite amount for the jurisdiction of this court. For whether or not the sum is rationalized as "damages for the detention of the money, which, for convenience sake, are measured by interest on the sum due," Blake v. City of Waterbury, supra, 105 Conn. at 486, 136 Atl. at 97, or as cost of the money to the plaintiff, it nevertheless does not lose

its character as "interest" for purposes of meeting the jurisdictional requirements of the federal statute. "The phrase *'exclusive of interest and costs'* [28 U.S.C. § 1332] necessarily *refers to interest accrued prior to filing* the complaint" (emphasis added), not that accruing after. Athan v. Hartford Fire Ins. Co., 73 F.2d 66, 67 (2d Cir. 1934); Moore v. Town Council of Edgefield, 32 Fed. 498 (Cir.Ct.D.S.C.1887).

The $1,200 in the plaintiff's Amended Pre-Trial Tabulation cannot be included in determining the jurisdictional amount. It appears *to a legal certainty* that the plaintiff's claim is for less than the jurisdictional amount. Saint Paul Mercury Indem. Co. v. Red Cab Co., supra, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845.

This action is dismissed for want of the requisite jurisdictional amount in controversy, without prejudice to the right of the plaintiff to bring an action in an appropriate forum.

Enter an order accordingly.