**Irving BRAININ**

v.

**Lloyd K. RUDD and K. Cyrus Melikian.**
**Civ. A. No. 43334.**

United States District Court
E. D. Pennsylvania.

Oct. 24, 1967.

Tyson W. Coughlin, Philadelphia, Pa., for plaintiff.

---

William P. Thorn, Philadelphia, Pa., for defendants.

## OPINION AND ORDER

LUONGO, District Judge.

This is the motion of defendant Melikian to vacate a default judgment in this diversity action on the ground that the matter in controversy does not involve the requisite jurisdictional amount.[1] The suit is against two individual endorsers of a $10,000 note issued by Rudd-Melikian, Inc., payable ten months after date with interest at the rate of 8% per annum. Between the date of issuance of the note and the date of its maturity, and before any payment had been made thereon, the corporation filed bankruptcy proceedings, causing plaintiff to accelerate the date of payment. The note was presented for payment and upon its dishonor this suit was instituted against the endorsers for the principal amount plus interest to the date of the filing of the complaint at the rate which the maker agreed to pay during the period prior to the maturity of the note.

 Melikian contends that the judgment was entered without jurisdiction because the face amount of the note is $10,000, therefore the matter in controversy does not exceed $10,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a). This contention fails to draw the distinction which the cases recognize, between interest imposed as a penalty for delay in payment, and interest exacted as the agreed upon price for the hire of money. The former is the "interest" which is excluded in determining jurisdictional amount; the latter is rightly computed as part of the amount to which the claimant is entitled. The instant case involves the latter insofar as it claims interest at the rate specified in the note during the period before maturity. See Brown v. Webster, 156 U.S. 328, 15 S.Ct. 377, 39 L.Ed. 440 (1895); Edwards v. Bates County, 163 U.S. 269, 16 S.Ct. 967, 41 L.Ed. 155 (1896); Regan, Admr. v. Marshall, 309 F.2d 677 (1st Cir. 1962); see also 1 Moore's Federal Practice § 0.99.

## ORDER

And now, this 24th day of October, 1967, upon consideration of defendant K. Cyrus Melikian's Motion to Vacate Judgment, it is

Ordered that the Motion be and it is hereby denied.

---

1. "§ 1332. Diversity of citizenship; amount in controversy; costs

    (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—
    (1) citizens of different States;
    (2) citizens of a State, and foreign states or citizens or subjects thereof; and
    (3) citizens of different States and in which foreign states or citizens or subjects thereof are additional parties. * * *"