Irving **BRAININ**

v.

**K. Cyrus MELIKIAN, Appellant.**

No. 17059.

United States Court of Appeals Third Circuit.

Argued April 2, 1968.

Decided May 3, 1968.

Rehearing Denied June 24, 1968.

Alan M. Kaplan, Robinson, Greenberg, Lipman, Kattelman and Bonavitacola, Philadelphia, Pa. (Charles H. Greenberg, Philadelphia, Pa., on the brief), for appellant.

Matthew M. Strickler, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa.

(Tyson W. Coughlin, Peter Platten, Philadelphia, Pa., on the brief), for appellee.

Before KALODNER, GANEY and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

On review of the record we find no error.

The Order of the District Court of October 24, 1967, 285 F.Supp. 420 will be affirmed for the reasons so well stated in the "Opinion and Order" of Judge Luongo.

Before HASTIE, Chief Judge, and McLAUGHLIN, KALODNER, GANEY, FREEDMAN, SEITZ and VAN DUSEN, Circuit Judges.

## ON PETITION FOR REHEARING

KALODNER, Circuit Judge.

On August 14, 1967, the plaintiff, Irving Brainin, instituted this diversity action in the District Court against the defendants, K. Cyrus Melikian and Lloyd K. Rudd, endorsers of a note of Rudd-Melikian, Inc. in the principal amount of $10,000.00 payable ten months after date with interest at 8% per annum. Between the date of the note's execution on March 21, 1967 and the date of its maturity, and before any payment had been made on it, Rudd-Melikian, Inc. filed bankruptcy proceedings causing plaintiff to accelerate the note's payment date. Upon demand and dishonor, plaintiff sued the endorsers of the note for $10,324.44, the principal amount of the note, plus the 8% interest therein fixed, to the date of the filing of the complaint.

On September 14, 1967, after defendant Melikian failed to answer within the required time, a default judgment was entered against him. Service was not perfected on Rudd.

Thereafter, on October 9, 1967, Melikian moved to vacate the default judgment, contending that the judgment was entered without jurisdiction because the amount in controversy did not exceed $10,000, "exclusive of interest and costs", as required by 28 U.S.C. § 1332(a), inasmuch as the face amount of the note was only $10,000. By Order of October 24, 1967, 285 F.Supp. 420, the District Court denied Melikian's motion, stating in its accompanying opinion:

"* * * [Melikian's] contention fails to draw the distinction which the cases recognize, between interest imposed as a penalty for delay in payment, and interest exacted as the agreed upon price for the hire of money. The former is the 'interest' which is excluded in determining jurisdictional amount; the latter is rightly computed as part of the amount to which the claimant is entitled. *The instant case involves the latter insofar as it claims interest at the rate specified in the note during the period before maturity.* [citing authorities]". (Emphasis supplied.)

On appeal to this Court, we affirmed per curiam for the reasons stated in the Opinion of the District Court.

In the instant Petition for Rehearing, Melikian cites cases which he claims are in "direct conflict" with our decision. All of the cases cited were previously brought to this Court's attention in Melikian's original brief and his present petition presents nothing new.

The cases relied on by Melikian are inapposite to the factual situation obtaining here inasmuch as they involved situations where the interest claimed was an incident arising solely by virtue of a delay in payment.[1] As the District Court

1. Regan v. Marshall, 309 F.2d 677, 678 (1 Cir. 1962); Moore v. Town Council of Edgefield, 32 F. 498 (Cir.Ct.D.S.C. 1897); Albani v. D & R Truck Service, Inc., 248 F.Supp. 268 (D.Conn.1965); Fratto v. Northern Insurance Company of New York, 242 F.Supp. 262, 268–269 (W.D.Pa.1965), aff'd per curiam on other grounds, 359 F.2d 842 (3 Cir. 1966); and Voorhees v. Aetna Life Insurance Co., 250 F. 484 (D.C.N.J.1918).

stated, the interest claimed in the instant case involves not a charge for delay in the payment of money, but " \* \* \* interest exacted as the agreed upon price for the hire of money \* \* \* *insofar as it claims interest at the rate specified in the note during the period before maturity.*" (Emphasis supplied.)

Brown v. Webster, 156 U.S. 328, 15 S.Ct. 377, 39 L.Ed. 440 (1895); Edwards v. Bates County, 163 U.S. 269, 16 S.Ct. 967, 41 L.Ed. 155 (1896); Intermela v. Perkins, 205 F. 603 (C.C.A. 9 Cir. 1913), cert. den'd, 231 U.S. 757, 34 S.Ct. 324, 58 L.Ed. 468 (1914); and Continental Casualty Company v. Spradlin, 170 F. 322 (C.C.A. 4 Cir. 1909), cited by Melikian, afford no nourishment to his position and indeed, support the District Court's disposition. They held that the "interest" there involved was *includable* in computing the jurisdictional amount on the theory that such interest was not merely incidental or "accessory" to the principal amount demanded, but was an integral part of the aggregate amount of damages claimed, Brown v. Webster, supra, 156 U.S., at 330, 15 S.Ct. 377; Intermela v. Perkins, supra, 205 F. at 606; Continental Casualty Company, supra, 170 F. at 323, or, was itself a "principal obligation". Edwards v. Bates County, supra, 163 U.S. at 272, 16 S.Ct. 967.[2] Similarly, the interest claimed here for the period before the maturity of the note is also not incidental or "accessory" to the main obligation, but an integral part of the total obligation demanded from defendant by plaintiff.

As the plaintiff pointed out in his original brief, two of the cases relied on by Melikian, Alropa Corp. v. Myers, 55 F. Supp. 936 (D.Del.1944); and Fritchen v. Mueller, 27 F.2d 167 (D.Kan.1928), appear to be contrary to the present decision. Neither of those decisions is binding upon this Court, and insofar as they hold that the interest accruing on a promissory note *before* maturity is excludable in determining the jurisdictional amount, we disagree.

It should also be noted that *Alropa* and *Fritchen*, in failing to recognize the distinction between interest accruing *after* the maturity of a promissory note and that accruing *prior* to maturity, ignore Congress' purpose in excluding "interest" in determining the jurisdictional amount. Congress limited federal diversity jurisdiction to cases involving in excess of $10,000.00, "exclusive of interest \* \* \*", 28 U.S.C. § 1332(a), to prevent the delaying of a suit merely to accumulate the necessary amount for federal jurisdiction. 1 Moore's Federal Practice, § 0.99, p. 903 (2d ed. 1964).

For the reasons stated the petition for rehearing will be denied.

---

2. Defendant's contention that Intermela v. Perkins, supra; Continental Casualty Company v. Spradlin, supra; Albani v. D & R Truck Service, Inc., supra; and Moore v. Town Council of Edgefield, supra, "have specifically held that where interest has arisen by reason of a contractual promise, said interest *may not* be included in the amount in controversy", is utterly specious. Those cases do not "specifically" or *implicitly* stand for such a proposition. Moreover, such a result would be contrary to Edwards v. Bates County, supra, where the Supreme Court held that the amount of a matured bond interest coupon could be added to the amount of the bond in determining the jurisdictional amount.