AMERICAN GENERAL LIFE INSURANCE COMPANY, a Corporation, Plaintiff,

v.

Patsey W. BLANKENSHIP et al., Defendants.

Civ. A. No. 890–E.

United States District Court, M. D. Alabama, E. D.

July 20, 1971.

Ollie L. Blan, Jr., Spain, Gillon, Riley, Tate & Ansley, Birmingham, Ala., for plaintiff.

John F. Dillon, IV, Dillon, Kelley & Barnes, Alexander City, Ala., for defendants.

## ORDER

VARNER, District Judge.

This cause is submitted upon motions to dismiss by the two individual Defendants, motion to substitute Mrs. Patsey W. Blankenship, as the duly appointed administratrix of the Estate of James R. Blankenship, deceased, for an administrator ad litem appointed by the Court, and the motion of the Defendant, Patsey W. Blankenship, that the Court enter an order directing the Clerk to pay over to her and her attorneys the sum of $10,-000.00 heretofore paid to the Clerk of the Court by the Plaintiff.

This is a proceeding by the Plaintiff Insurance Company, a corporation organized, and with home offices, in Texas, against two individual claimants on two separate $10,000.00 life insurance policies with provisions for double indemnity in event of death by accidental means. Plaintiff concedes that the value of each of the two life insurance policies is $20,000.00 if the insured, James R. Blankenship, died by accidental means within the provisions of the identical life insurance policies, one of which is payable to Mrs. Patsey W. Blankenship and the other is payable to Miss Betty Sue Whatley. The Plaintiff further alleges that Mr. Blankenship, the insured, died at the hands of Miss Betty Sue Whatley under circumstances which may or may not constitute accidental death as defined in the policies and that the circumstances may or may not constitute a bar to collection on the policy by Miss Whatley.

■ Defendants, Patsey W. Blankenship and Betty Sue Whatley, filed separate motions to dismiss the complaint in this proceeding for want of jurisdictional amount in the claim of the Plaintiff as to each of them. It is obvious from the pleadings in this cause that Defendant, Patsey W. Blankenship, claims $10,000.00 for the face value of the life insurance policy in question made payable to her and an additional $10,000.00 under the so-called "double-indemnity" clause of said policy and that the Defendant, Betty Sue Whatley, has similar claims totaling $20,000.00 based on alleged liability on the other policy. While it would appear in one sense that, of the amount claimed by Mrs. Blankenship, only $10,000.00 is in controversy, the Court takes notice of the fact that, had Mrs. Blankenship filed suit on the policy in question prior to any intervention by any Court in the matter, suit would have been filed for $20,000.00, a sum exceeding the jurisdictional amount in proceedings of this sort. A similar claim would have been filed by Miss Whatley had she filed suit individually. The Court is, therefore, of the opinion that the proceeding states a cause of action involving $20,000.00 in the proceeding against each of the two individual Defendants and that the matter of jurisdictional amount for federal diversity jurisdictional purposes is satisfied.

■ It will be noted that courts have held that the additional sum payable under "double-indemnity" clauses of insurance policies may be aggregated with the face value of such policies in determining jurisdictional amount in proceedings brought pursuant to such insurance policies. Pacific Mutual Life Ins. Co. v. Parker, 4 Cir., 71 F.2d 872; Provident Mutual Life Ins. Co. v. Parsons, 4 Cir., 70 F. 863, cert. den. 293 U. S. 582, 55 S.Ct. 95, 79 L.Ed. 678. In relation to the suggestion that the claim of Betty Sue Whatley has been assigned to Patsey W. Blankenship, it is noted that courts have held that an individual's claim may be joined with a claim of that individual in a fiduciary capacity to aggregate jurisdictional amount. Raybould v. Mancini-Fattore Co., D.C., 186 F.Supp. 235; DeLorenzo v. Federal Deposit Insurance Corp., D.C., 259 F.Supp. 193. This Court notes also that when one co-plaintiff has a claim satisfying the jurisdictional amount, other co-plaintiffs, properly joined, need not show jurisdictional amount. 81 Harvard Law Review 480; Stone v. Stone, 4 Cir., 405 F.2d 94; Hatridge v. Aetna Casualty And Surety Co., 8 Cir., 415 F.2d 809.

This Court does not reach the question of whether claims against different defendants may be aggregated to determine jurisdictional amount (see 2 A.L. R.Fed. 18 et seq.; 32 Am.Jur.2d 590; Federal Practice and Procedure, § 148). While it is clear that the claims in this cause are several, rather than joint, Motorists Mutual Ins. Co. v. Simpson, 7 Cir., 404 F.2d 511, is not here applicable for reasons hereinbefore stated.

The Court will also not here consider the rule regarding aggregation of principal and interest to determine jurisdictional amount set forth in Brainin v. Melikian, 3 Cir., 396 F.2d 153, to the following effect:

"Interest imposed as a penalty for delay in payment is excluded in determining the jurisdictional amount; interest exacted as the agreed-upon price for the hire of money is computed as part of the amount to which the claimant is entitled and is included in jurisdictional amount."

For the reasons set out hereinabove, this Court is of the opinion that the complaint states an amount in controversy for both of the individual defendants in excess of $10,000.00 and that this Court has jurisdiction of this cause. It is, therefore, the opinion of this Court that the Motions to Dismiss of the Defendants Blankenship and Whatley should be, and the same are hereby, denied, and the Defendants are granted 20 days from this date to plead further in the cause.

■ Upon the filing of the suit, the Court appointed the Honorable Neil Metcalf as administrator ad litem of the Estate of James R. Blankenship, the

contingent beneficiary under the policy payable to the Defendant, Betty Sue Whatley, in the event that the Court should find that said Defendant, because of having caused the death of the insured, had no right to collect under the policy made payable to her. Since this appointment, the Probate Court of Tallapoosa County, Alabama, wherein the deceased lived, has appointed Defendant, Patsey W. Blankenship as administratrix of the Estate of James R. Blankenship, and this Court is of the opinion that Patsey W. Blankenship, as administratrix of the Estate of James R. Blankenship, deceased, should be substituted for Neil Metcalf, the administrator ad litem for the Estate of James R. Blankenship, deceased, in this cause of action and that the Motion for Substitution made by the said Patsey W. Blankenship should be, and the same is hereby, granted. It is further ordered that a reasonable fee for the Honorable Neil Metcalf's participation in this proceeding by order of this Court is $200.00 and that the same should be taxed as a part of the costs of this proceeding and paid from the proceeds of the life insurance policies in question.

The Defendant, Patsey W. Blankenship, moves the Court to enter an order directing the Clerk to pay over to the Defendant, Patsey W. Blankenship, and her attorneys the sum of $10,000.00 heretofore paid to the Clerk of the Court by the Plaintiff as the face value of that policy payable to the said Patsey W. Blankenship. Plaintiff has filed no objection thereto. The Court is of the opinion that said sum, not being in controversy, except for costs of this proceeding, should be paid to the said Patsey W. Blankenship and her attorneys, and the Clerk is ordered to pay to the said Patsey W. Blankenship and John F. Dillon, IV, her attorney, the sum of $9,000.00 from the funds held by the Court at this time. The Court notes that the sum of $1,000.00 should be withheld from the original $10,000.00 payment into Court to assure payment of all costs at the termination of this proceeding.