# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2022

Lyle W. Cayce
Clerk

No. 22-10240
Summary Calendar

_____

Samuel M. Howard,

*Plaintiff—Appellant*,

*versus*

Office of the Special Deputy Receiver; Lumbermens Mutual Casualty Company,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-921

_____

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.
Per Curiam:*

Samuel Marcus Howard, proceeding *pro se*, brought claims in federal court against his former employer's insurer and against the state receiver that

_____

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10240

oversaw the insurer's liquidation. His claims, which are difficult to decipher,[1] apparently arose out of the receiver's denial of Howard's employment-related insurance claim. Adopting the magistrate judge's recommendations, the district court dismissed his case for lack of both subject matter and personal jurisdiction. Howard failed to object to the magistrate's legal conclusions, and so we review them for plain error. *See, e.g.*, *Longoria v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 270 (5th Cir. 2019) (citation omitted). Plain error requires showing clear or obvious error that affected the appellant's substantial rights and that seriously impairs the judiciary's fairness, integrity, or public reputation. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

We see no error, plain or otherwise, in the district court's dismissal for lack of subject matter jurisdiction. Even construing Howard's filings liberally, we agree with the district court that his complaint did not meet the threshold diversity jurisdiction requirement that the matter in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Although Howard's complaint alleges no dollar amount, his responses to the magistrate's questionnaire show that he seeks to impose a lien on undisclosed property to secure $26,000, at most. Howard's argument that interest on that amount would today exceed the jurisdictional threshold is unavailing. *See ibid.* (amount must be "exclusive of interest and costs"); *Regan v. Marshall*, 309 F.2d 677 (1st Cir. 1962) (interest arising by virtue of a delay in payment excluded from the jurisdictional amount); *see also* 14AA Charles Alan Wright & Arthur R. Miller, Federal

---

[1] The allegations in Howard's complaint concern the receiver's denial of his claim for payment of an injury-related settlement with his former employer. The complaint identified no cause of action but only listed various statutes, none of which support any claim under the facts alleged. In our court, Howard alleges for the first time a violation of the Thirteenth Amendment.

No. 22-10240

Practice & Procedure § 3712 (4th ed. 2009) (interest uniformly excluded if incidental to the claim or arising from a delay in payment). The district court therefore correctly dismissed Howard's case for lack of subject matter jurisdiction. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992).[2]

AFFIRMED.

---

[2] Consequently, we do not reach the district court's alternative conclusion that Howard failed to establish personal jurisdiction over the two defendants.